THE PEOPLE *ex rel.* M. M. Stephen

*v.*

THOMAS HANIFAN.

*Filed at Mt. Vernon October 2, 1880.*

1. OFFICE—*acts showing an abandonment.* Where an alderman, elected in a city under a special charter, is afterwards elected in the same ward at a different date, on the assumption of the adoption by the city of the general law relating to cities, etc., and after a decision that the general law was not legally adopted, refuses to attend the meetings of the council, or appear, on notice, to show why he should not be removed, his subsequent election and refusal to attend the council meetings, may be treated as an abandonment of his office under the prior election, or as an implied resignation, and the office may be filled as in case of a vacancy.

2. SAME—*implied resignation.* One of the modes by which a member or officer of a municipal corporation may be said to impliedly resign his office, is by being elected and accepting an office incompatible with the duties of the former office.

APPEAL from the Appellate Court for the Fourth District;— heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. AMOS WATTS, Judge, presiding.

Mr. JOHN B. BOWMAN, Mr. R. A. HALBERT, and Mr. A. S. WILDERMAN, for the appellant.

Messrs. G. & G. A. KŒRNER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was a proceeding in the nature of a *quo warranto,* against Thomas Hanifan, to require him to show by what authority he assumed to exercise the duties of alderman of the second ward of the city of East St. Louis. The principal facts are not a matter of disagreement between the parties.

It appears the city of East St. Louis was incorporated under a special charter, and was divided into four wards. On the first Tuesday of April, 1878, the term of one alderman for each ward in the city expired, and one from each ward held over. At the regular election for municipal officers held on that day, under the provisions of the charter, Henry Roewe was elected alderman in and for the second ward, to serve for the period of two years, and was duly qualified as such officer. On the third Tuesday of the same month, at an election held under the belief the city of East St. Louis had become organized under the general incorporation law, Roewe was again elected alderman of the same ward of the city, and from the 18th day of April, 1878, Roewe continued to act as alderman of the second ward, with others elected at the same time under the general incorporation act, until that election was declared by the Supreme Court to be null and void, because the city had not, in any legal mode, come under

the general incorporation law.   In the meantime the four aldermen that held over under the original charter, with two others, continued to act as aldermen under the city charter.

On the 18th day of January, 1879, notice was served on Roewe to appear before the regular city council, and show cause, if any he had, why he had not attended the meetings of the city council, and to show cause why he should not be expelled from such city council.   Failing to appear and make any answer, notwithstanding notice to do so was given, Roewe was, on the 20th day of January, 1879, by the acting members of the council, expelled from his seat as councilman from the second ward of the city, and upon proper notice given, defendant was elected alderman for the same second ward, to fill the unexpired term of Roewe.   It was stipulated on the hearing, that if a vacancy existed, defendant was duly elected alderman for the second ward.

The circuit court, in which the cause was tried, found there was a vacancy in the office of alderman of the second ward in the city of East St. Louis, and that defendant was duly elected to fill the same as the successor of Roewe.   That finding was affirmed on appeal in the Appellate Court.

It will not be necessary to remark upon all the questions discussed by counsel.   It is plain that Roewe had abandoned the office of alderman under the special city charter, to which he had been elected, and therefore defendant could be legally elected, as he was, to fill the vacancy.

An officer in a municipal corporation may of course resign his office, or he may abandon it by removal or otherwise, which will be treated in law as an implied resignation.

Nothing can be clearer than that Roewe did and intended to abandon his office as alderman under the special charter. This is manifest, not only from the fact he ceased to attend their meetings altogether, but that he accepted the position of alderman from the same ward under what was supposed to be an organization under the general law.   The city government of which he became a member was hostile to the

regular city government. His position as a member of the council under the general law was incompatible with his duties as alderman of the city under the special charter.

One of the modes by which a member of a corporation may be said to impliedly resign his office, is by being elected to and accepting an office incompatible with the duties of his former office. That is precisely the case here. Long before the injunction writ was served upon him, Roewe had ceased to act as alderman of the second ward under the special charter, and had assumed to act as alderman of such ward under an organization supposed to have been effected under the general law. He could not consistently hold both positions, and as he acted in the latter position, it is not unreasonable to treat him as he treated himself, as no longer an alderman under the special city charter. What he did was, in law, equivalent to a resignation of his office as alderman, and the vacancy could rightfully be filled by election of defendant, as was done.

The judgment will be affirmed.

*Judgment affirmed.*