Osborne *et al. v.* The State, *ex rel.* Michaels.

No. 14,813.

OSBORNE ET AL. *v.* THE STATE, EX REL. MICHAELS.

128  129
149  233
149  288
149  314
150  462

OFFICE.—*Township Trustee.—Defalcation.—Vacation of Office.—Appointment of Successor.*—Where an officer becomes a defaulter, flees the State, leaves no one to care for the public affairs, and indicates a settled purpose to abandon the office, it may be deemed vacant without a judicial determination, and the vacancy may be filled by appointment. The sureties on the bond of the defaulting officer can not challenge the right of the appointee to prosecute an action for the recovery of the public money.

SAME.—The presumption is that the power of appointment is rightfully exercised by the officer invested with that power.

SAME.—*Collateral Attack.*—Where there has been an appointment to, and the actual incumbency of an office, a collateral attack on the right of the appointee to hold the office is unavailing.

SAME.—*Reports.—Evidence.*—The reports of a township trustee, showing an indebtedness to the township, will, unless satisfactorily contradicted, warrant a finding against him and his sureties.

From the Wabash Circuit Court.

*A. Taylor,* for appellants.

*J. Mitchell,* for appellee.

ELLIOTT, J.—The initial question in this case is whether the relator has the capacity to maintain this action. Whether he has that capacity depends upon whether the office of township trustee was vacant at the time of his appointment to it. If it was not vacant, the action must fail. The facts relevant to this question are, in substance, these: In April, 1882, John G. McIlvaine was elected township trustee of Jackson township, Miami county; in 1884 he was elected his own successor, and, as such, duly qualified. McIlvaine lost a large sum of money belonging to the township in speculations, and was unable to repay it. He fled to Kentucky. His declarations indicate a settled intention to vacate his office, and he left no one to discharge its duties for him. In our opinion the office became vacant. When an officer becomes a defaulter, flees the State, leaves no one to care for the public affairs, and indicates a settled purpose to abandon the

office, it may be deemed vacant without a judicial determination. It would imperil public interests and benefit no one in such a case to adjudge that the office can not be deemed vacant until so declared by the courts. If the officer were insisting upon his right to the office, we should have a different case, but here there is evidence of a complete abandonment and a defalcation, and here, too, the object of the action is to recover the money of the public. We are fully within the authorities in holding that there was a vacancy and a right to fill it by appointment. *State, ex rel.,* v. *Jones,* 19 Ind. 356 ; *State, ex rel.,* v. *Allen,* 21 Ind. 516 (83 Am. Dec. 367); *Yonkey* v. *State, ex rel.,* 27 Ind. 236 ; *Krant* v. *State,* 47 Ind. 519 ; *Gosman* v. *State, ex rel.,* 106 Ind. 203 (209); *Mowbray* v. *State, ex rel.,* 88 Ind. 324 ; *People, ex rel.,* v. *Common Council, etc.,* 77 N. Y. 503 (33 Am. R. 659) ; *People, ex rel.,* v. *Green,* 58 N. Y. 295 ; *Curry* v. *Stewart,* 8 Bush (Ky.), 560 ; *Prather* v. *Hart,* 17 Neb. 598. It would be palpably unjust to permit the sureties on the bond of a defaulting officer who has fled the State and asserts an intention to abandon his office, to challenge the right of the person appointed to fill the abandoned office to prosecute an action for the recovery of the public money.

The appointment of the relator by the auditor did not create a vacancy ; the vacancy was created by the acts of McIlvaine. When these acts were performed the office became vacant. *Hedley* v. *Board, etc.,* 4 Blackf. 116. The appointment filled, but did not create, a vacancy. The presumption is that an appointment made by an officer having power to appoint is rightfully made, whenever it appears that the appointee duly qualified and entered into possession of the office. *Commonwealth, ex rel.,* v. *Slifer,* 25 Pa. St. 23 (64 Am. Dec. 680).

There was an appointment and an actual incumbency, so that the collateral attack which the appellants here make would be unavailing, even if there were some grounds for their assertion that the relator is not the *de jure* township

trustee. *State* v. *Mayor, etc.,* 8 Lawyers' Rep. Ann. 697 ; *Town of Kissimmee City* v. *Cannon* (Fla.), 7 So. R. 523. In whatever aspect this case is viewed, the law clearly appears against the appellants upon the question stated.

The other questions in the case arise upon the evidence, and, in effect, are narrowed to the single question whether the finding is supported by the evidence. That there is evidence supporting the finding there can be no doubt, and when that appears our duty ends, for we can not interfere simply because there may be some conflict. The reports of the trustee are *prima facie* evidence of his indebtedness. *Strong* v. *State, ex rel.,* 75 Ind. 440 ; *Ohning* v. *City of Evansville,* 66 Ind. 59, and cases cited. The admissions of such reports, unless satisfactorily contradicted, will warrant a finding against the officer and his sureties, and the reports of McIlvaine have not been so contradicted. The evidence shows, indeed, that the public money was lost in speculations.

Judgment affirmed.

Filed April 23, 1891.