## David L. Packingham v. James A. Harper.

1.   TOWNSHIP COLLECTOR—*An Office of Profit.*—The office of township collector is one of profit, within the meaning of Sec. 3, Art. IV, of the Constitution, providing that no person holding an office of profit under the government of the United States, except the office of postmaster, whose annual compensation does not exceed the sum of $300, shall hold any office of honor or profit under the authority of this State.

2.   POSTMASTER—*When Ineligible to Hold State Office.*—A postmaster whose annual compensation exceeds $300 is ineligible to hold any office of honor or profit under the authority of this State.

3.   OFFICERS—*Effect of Accepting Federal Appointment.*—The effect of accepting the appointment of postmaster by a person elected but not qualified as township collector, is to forfeit and vacate the office of collector; to formally tender a resignation or be ousted by legal proceedings is unnecessary.

, 4.   SAME—*Holding Incompatible Positions.*—A person holding an office which he may relinquish voluntarily vacates it when he accepts another which is incompatible with it, or which he is prohibited by law from holding in connection with it.

Trespass on the Case, for fees, etc.   Appeal from the Circuit Court of Marshall County; the Hon. THOMAS S. SHAW, Judge, presiding. Heard in this court at the December term, 1895.   Affirmed.   Opinion filed June 1, 1896.

### STATEMENT OF THE CASE.

Appellant filed his declaration in case, charging that he was, on the first Tuesday of April, 1893, elected to the office of collector of taxes, for the town of Granville, Putnam county, Illinois; that he took the required oath of office, received notice from the county clerk of the amount of taxes to be collected in the town, executed a bond as required by

Packingham v. Harper.

law, with good and sufficient securities, and tendered it to appellee, who was supervisor of the town, and requested him to approve it, but that appellee refused to approve it, wherefore he was deprived of the honors and emoluments of the office to his damage of $1,000.

The suit was commenced in the Circuit Court of Putnam County, but by agreement the venue was changed to the Circuit Court of Marshall County.

Various pleadings were filed, but upon the trial the defendant withdrew all but the following plea, filed by him :

" And for a further and second additional plea in this behalf, by leave of court first had and obtained, the defendant, by his attorney aforesaid, says the plaintiff ought not to have or maintain his aforesaid action against him by reason of anything in this plaintiff's said declaration contained, because he says that after the election of the plaintiff to the office of collector of the said town of Granville, before the presenting of his said bond to this defendant for his approval, on, to wit, the first day of December, A. D. 1893, the said plaintiff had been duly appointed by the Government of the United States, to the office of the postmaster of the postoffice of Granville in Putnam county, in the State of Illinois, and had taken the oath of office as such postmaster, and had received and accepted from the said Government of the United States, his commission as postmaster of the postoffice of Granville, in the said Putnam county, in the State of Illinois.

And the defendant avers that the annual compensation of said postoffice of Granville, in the said county of Putnam and State of Illinois, to which the plaintiff became and was entitled as such postmaster at the time of the presentation of said bond for approval, and the appointment of plaintiff as postmaster aforesaid, exceeded the sum of three hundred (300) dollars; that it was, to wit, the sum of three hundred and thirty-five (335) dollars; wherefore, and by reason of the premises, the plaintiff at and before the time of presenting said bond, had vacated the said office of collector of the said town of Granville, and the defendant was not

in duty bound to receive the said bond presented to him as aforesaid, and approve and file the same, and this he is ready to verify, wherefore he prays judgment," etc.

The Circuit Court overruled a demurrer to this plea, and appellant abiding by his demurrer, entered judgment against appellant for costs.

BARNES & BARNES, attorneys for appellant; FRANK WHITING, of counsel.

The right of a party to exercise an office should be determined by quo warranto. People v. Matteson et al., 17 Ill. 167.

Quo warranto is the remedy employed to test the actual right to an office. High on Ex. Rem. (2d Ed.) Sec. 618; People v. Whitcomb, 55 Ill. 176; People v. Wyatt, 34 Ill. App. 454.

Where a party has been elected to an office and has accepted and acted in the same, the title to the office in such case can not be decided in a collateral suit. It must be in a direct proceeding by quo warranto. Lawson v. Kollenson, 61 Ill. 405.

WINSLOW EVANS, attorney for appellee; W. H. CASSON, of counsel.

At common law, as well as by the express inhibition of the constitution, the two offices would be incompatible. The discharging fully of the duties of the office of collector would necessarily, to some extent, conflict with the discharge of the duties of the office of postmaster. The post-office requires constant daily attendance during all the business hours of the day.

The office of collector would require for a considerable portion of the time, absence on the part of such collector from the postoffice, and therefore the discharge of the two offices would conflict and at common law they would be incompatible. Dixon v. People ex rel., 17 Ill. 191; King v. Tizzard, 9 B. and C. 418.

" Offices are said to be incompatible and inconsistent so as

not to be executed by the same person when from a multiplicity of business in them they can not be executed with care and ability, or when their being subordinate and interfering with each other, induces the presumption that they can not be executed with impartiality and honesty." Throop on Public. Officers, Sec. 33.  5 Bacon's Abridgment, title Officers, K.  Incompatibility in offices exists where the nature and duty of two offices are such as to render it improper from considerations of public policy for one incumbent to retain both.  Dillon on Municipal Corporations, Sec. 166; Throop on Public Officers, Sec. 33.

A person impliedly resigns an office held by him when he accepts an election or appointment to an incompatible office. Throop on Public Officers, Sec. 417.

The acceptance of an incompatible office vacates the first office and that result follows from such acceptance without any legal proceedings to oust the party from his first office. Throop on Public Officers, Sec. 31.

When a person holds an office which he is at liberty to relinquish at his own pleasure, the acceptance of another and incompatible office vacates the first and would require no legal proceedings to effect this result.  1 Beach on Public Corporations, Sec. 187.

Mr. Justice Harker delivered the opinion of the Court.

Appellant sued to recover the fees and emoluments of the office of town collector, which he was deprived of by the refusal of appellee, as supervisor of the town, to approve his bond.

Appellee pleaded in bar that after appellant was elected collector and before the tender of his bond to him for approval, he was appointed postmaster at Granville, Illinois; that he qualified as such postmaster, received his commission from the government of the United States, entered upon the discharge of the duties of such office, and that the emoluments of it exceeded the sum of $300.

The court held the plea good and we think properly.

The latter part of Sec. 3, Art. IV of our State Constitution reads : "Nor shall any person holding any office of honor or profit under any foreign government, or under the government of the United States (except postmaster whose annual compensation does not exceed the sum of $300), hold any office of honor or profit under the authority of this State."

It is averred in the plea that the compensation of the postmaster at Granville is $335.

The office of town collector is an office of profit, and is under the authority of the State.

It is unnecessary for us to discuss in this opinion the compatibility or the incompatibility of the two offices. It is sufficient for us to say that the constitutional inhibition exists.

What was the effect of appellant's acceptance of the office of postmaster before executing and tendering for approval his bond to appellee ?

Clearly the forfeiture and vacation of his office as town collector. To formally tender his resignation or be ousted by legal proceeding, was not necessary.

Counsel urge with great vigor that appellee assumed to himself power that did not belong to him, i. e., to decide that appellant was not entitled to exercise the functions of the office, and that quo warranto was the only mode by which appellant's right could be tested.

There is no question as to the personal eligibility of appellant to the office or his election to it. Until the time that he accepted the position of postmaster, he was the legally elected collector for the town of Granville, although he had not entered upon the discharge of his duties; but we hold that by accepting the office of postmaster he in effect resigned the office of collector. A person holding an office which he may relinquish voluntarily, vacates it when he accepts another which is incompatible with it or which he is prohibited by law from holding in connection with it. Beach on Public Corporations, Sec. 197; Throop on Public Office, Secs. 31 and 417; People ex rel. v. Hanifan, 96 Ill. 420; Stubbs v. Lee, 64 Maine, 195. Judgment affirmed.