STATE OF NEBRASKA, EX REL. PETER W. BIRKHAUSER, V.
FRANK E. MOORES ET AL.

FILED NOVEMBER 18, 1897.    No. 9241.

1. **Quo Warranto: TITLE OF RELATOR.** One who seeks by *quo warranto*
   to obtain possession of a public office must show a better title than
   the incumbent.

2. ———: ———: VALIDITY OF STATUTE: ESTOPPEL.  In a proceeding
   in the nature of a *quo warranto* brought by a private person to
   determine the right to a public office, the relator cannot assail the
   constitutionality of the statute under which the respondent claims
   to hold such office, as a basis for a judgment of ouster, when the
   argument adduced by relator for declaring the law bad applies
   with equal force as against the statute under which he himself
   asserts title to the office.

3. ———: ABANDONMENT OF OFFICE: ESTOPPEL.  One who voluntarily
   abandons or surrenders a public office to another will not after-
   ward be permitted to assert title thereto against such subsequent
   incumbent.

ORIGINAL action in the nature of *quo warranto* by the
state on the relation of A. C. Foster, H. E. Palmer, and
Peter W. Birkhauser, to oust the respondents Frank E.
Moores, Daniel D. Gregory, William C. Bullard, James
H. Peabody, and R. E. Lee Hurdman, from the offices of
fire and police commissioners of the city of Omaha.   The
action was dismissed as to relators Foster and Palmer.
*Writ denied.*

*McCoy & Olmsted,* for relators.

*Ed P. Smith* and *George A. Day, contra.*

NORVAL, J.

This was an action of *quo warranto* instituted in this
court by A. C. Foster, H. E. Palmer, and Peter W. Birk-
hauser to determine the rights of relators and respond-
ents, respectively, to the offices of fire and police com-

missioners of the city of Omaha. Relators were appointed to said office by a board, consisting of the governor, commissioner of public lands and buildings, and attorney general, created by section 145, chapter 12a, Compiled Statutes, 1895, which said chapter is entitled "Cities of the metropolitan class." The last state legislature created a new charter for the government of cities of the class to which the city of Omaha belongs, and by the same law, in express terms, repealed the said "chapter 12a of the Compiled Statutes of Nebraska, seventh edition, 1895." Session Laws, 1897, chapter 10, section 166, of said act, known as chapter 12a, Compiled Statutes, 1897, declares: "In each city of the metropolitan class there shall be a board of fire and police commissioners, to consist of the mayor, who shall be *ex-officio* chairman of the board, and four electors of the city who shall be appointed by the governor." By section 167 it was provided substantially that immediately upon the taking effect thereof, the governor should appoint for each city embraced within the law four fire and police commissioners, of whom not more than two should belong to the same political party,—one to serve for one year, one for two years, one for three years, and one for four years,—and that the governor should annually thereafter appoint one commissioner in each of such cities for the term of four years. The section also makes provision for the filling of vacancies occurring in said offices. The respondent Frank E. Moores is the duly qualified and acting mayor of the city of Omaha, and by virtue of said section 166, claims to be an *ex-officio* member, and chairman of the board of fire and police commissioners of said city. The other four respondents claim to be members of said board, and the right to discharge the duties thereof by virtue of appointments made by the governor under the provisions of said section 167. The relators Foster and Palmer, leave of court having been first obtained, have dismissed the proceeding as to themselves, and the action thereafter was prosecuted in the name of Birkhauser alone,

In this proceeding the constitutionality of the entire act of which said sections form parts is assailed upon the same grounds, among others, as those urged and presented against the law in *State v. Stuht,* 52 Neb., 209, where the validity of the legislation was sustained. The writer had no part in that decision, and does not wish to be understood as now agreeing that the conclusion then reached by his associates was sound. A discussion of the questions there considered will not be undertaken at this time, since the writ of ouster sought herein must be denied for reasons hereafter stated.

It is important to remember that this action was not instituted by the attorney general, but was brought by private persons asserting the right to the offices in question. Had the attorney general been the relator, it would have devolved upon the respondents to show that they were rightly inducted into office; in other words, that they were appointed and are acting under a constitutional law. (*State v. Tillma,* 32 Neb., 789.) When the information is filed by a private person the same rule does not obtain. He is required to show that his title to the office is better than the incumbent's, and must recover, if at all, upon the strength of his own title and not upon the weakness of the claim of his adversary. This doctrine is not new, but has been more than once asserted by this court. (*State v. Stein,* 13 Neb., 529; *State v. Hamilton,* 29 Neb., 198; *State v. Boyd,* 34 Neb., 435.)

The principal argument of counsel for relator is that said sections 166 and 167 of the act of 1897 are unconstitutional and void, because they are inimical to the inherent right of local self-government. Precisely the same objection could be successfully made against the statute under which Mr. Birkhauser was appointed. In violation of the principle of local self-government, it empowered the governor, commissioner of public lands and buildings, and attorney general, to appoint the fire and police commissioners for cities of the metropolitan class, while, under the existing law, that duty was devolved

upon the governor alone. The reasons and arguments adduced for declaring the 1897 law bad, if sound, would likewise make clear the invalidity of the act under which relator was appointed to office; hence, under the decisions mentioned, he could not successfully prosecute this action.

Another contention of respondents, which is not devoid of merit, is that the writ must be denied for the reason the relator voluntarily abandoned the office in question, and acknowledged the right of the incumbents to discharge the duties pertaining to the board of fire and police commissioners of the city of Omaha. This the relator denies, and on his direct examination as a witness in his own behalf he testifies that it never was his intention to vacate the office nor relinquish his right and title thereto. Whatever may have been his secret intentions upon the subject, the reading of his cross-examination in connection with the other testimony taken before the referee leaves no trace of a doubt that all the relators deliberately abandoned their offices upon the appointment and qualification of the respondents. The testimony establishes beyond dispute that regular meetings of the old board of fire and police commissioners were held on each Monday evening; and that, since respondents qualified, no meeting of the old board for the discharge of business has been held, and no official duty has been by it transacted. There is likewise testimony in the record conducing to show, although contradicted to some extent, that at the last meeting of the relators as a board, held on March 29, 1897, the members thereof agreed among themselves to make no further claim to the office of fire and police commissioners and that they would severally and collectively turn over to the respondents, as their successors in office, peaceably and courteously, the books and records belonging to said board; that relator Foster was then and there directed by Palmer and Birkhauser to meet with the members of the incoming board and extend to them their good wishes and to proffer any

assistance to the respondents which lay in their power, and that said Foster thereafter met with the respondents as directed and otherwise obeyed this said instruction. In view of the matters aforesaid, and the further fact that the relators Palmer and Foster have voluntarily dismissed the proceedings herein, and that the information prays for a writ of ouster against the respondents, and that the relators be inducted into offices, we can see it in no other light than that the relators abandoned and surrendered all their right, title, and possession of the offices of fire and police commissioners of the city of Omaha to the respondents.

One who voluntarily abandons a public office will not be permitted thereafter, at will, to assert title thereto. The principle was fully recognized and applied in *State v. Boyd*, 34 Neb., 435. The doctrine that the continual failure and refusal of a public officer to perform the duties thereof will operate as an abandonment is well established by the authorities. (Mechem, Public Officers, 435; *People v. Hartwell*, 67 Cal., 11; *State v. Allen*, 21 Ind., 516; *People v. Kingston T. R. Co.*, 23 Wend. [N. Y.], 193, 19 Am. & Eng. Ency. Law, 562*; *Yonkey v. State*, 27 Ind., 236; *Page v. Hardin*, 8 B. Mon. [Ky.], 666; *People v. Hanifan*, 96 Ill., 420; 6 Brad. [Ill. App.], 158.) *Turnipseed v. Hudson*, 50 Miss., 429, sustains the contention of relator that there has been no abandonment of the office by him. That decision was rendered by a divided court, and the opinion of the majority fails to carry conviction to our mind. The writ is denied.

WRIT DENIED.