# CASES

## ARGUED AND DETERMINED

### IN THE

## UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### SCOFIELD et al. v. UNITED STATES ex rel. BOND.

(Circuit Court of Appeals, Sixth Circuit. November 16, 1909.)

#### No. 1,927.

1. BANKRUPTCY (§ 134*)—TRUSTEE—"ABANDONMENT OF OFFICE"—APPOINTMENT OF SUCCESSOR.

Where a trustee in bankruptcy absconded after embezzling the funds of the estate, such conduct amounted to an abandonment of his office, which was thereby vacated, and a new trustee may be appointed without notice to him or a hearing for his removal.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 134.*]

2. BANKRUPTCY (§ 134*)—REMOVAL OF TRUSTEE—APPOINTMENT OF SUCCESSOR BY COURT.

Where a trustee in bankruptcy absconded, and was removed, the appointment of a new trustee by the court, without calling a meeting of the creditors for an election, was at most an irregularity, and the legality of the appointment cannot be questioned collaterally by persons who are not creditors.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 134.*]

3. BANKRUPTCY (§ 373*)—TRUSTEE—ACTION ON BOND.

Where a trustee in bankruptcy absconded, and his whereabouts were unknown, an order directing him to account is not a necessary prerequisite to an action on his bond to recover funds of the estate embezzled by him.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 373.*]

4. APPEAL AND ERROR (§ 1050*)—REVIEW—HARMLESS ERROR—EVIDENCE.

In an action by a trustee in bankruptcy on the bond of a former trustee to recover a sum claimed to have been received by the former trustee and embezzled by him, where the sureties alone were served and defended, the calendar entries of a referee, not the record itself, showing that the trustee rendered an account, which was confirmed, was not a defense, where the record did not show, nor was it alleged, whether or not the sum in dispute was shown by the account or settled; and the admission of parol evidence to contradict such record, if error, was harmless.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 1050.*]

In Error to the District Court of the United States for the Northern District of Ohio.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
174 F.—1

Action by the United States, on relation of Charles W. Bond, trustee in bankruptcy, against George B. Scofield and E. B. Durfee. Judgment for plaintiff, and defendants bring error. Affirmed.

W. E. Scofield, for plaintiffs in error.

G. C. Bryce, for defendant in error.

Before LURTON, SEVERENS, and WARRINGTON, Circuit Judges.

SEVERENS, Circuit Judge. The record in this case, brought here on a writ of error, is of a trial in the District Court for the Northern District of Ohio of a cause instituted in that court by a petition of the United States, upon the relation of Bond, trustee in bankruptcy of Caroubas & Goodmanes, to enforce a bond given by Frank J. Kelleher, a former trustee in that matter, and his sureties upon his appointment as such trustee. Service of process was made upon the sureties, but Kelleher could not be found.

The petition stated that, after Kelleher was appointed, there was turned over to him on June 30, 1900, by the clerk, on the order of the court, the sum of $462.13, assets of the estate; that he appropriated this money to his own use and left the state, was a long time in hiding, and is now residing in Pennsylvania; that on January 8, 1903, Kelleher was removed by an order of the court on account of his mismanagement of the estate and his failure to account for the assets; that thereupon the relator, Bond, was appointed trustee to collect and distribute the estate; that he duly qualified as such trustee, and has ever since been acting as such trustee; that he has frequently demanded of Kelleher the money in his possession belonging to the estate; that Kelleher has failed to comply with such demand, and has never paid the said $462.13, or any part of it. The sureties appeared, and filed various pleas and answers, raising issues, some of them relating to the power and jurisdiction of the court in making orders in the proceedings, and some of them relating to the insufficiency of the proceedings to establish any liability on the part of the sureties. But no objection was taken to the competency of the District Court to try the case. The questions thus raised will be presently stated. After the pleadings had been settled, the cause came on for a trial of the merits before a jury. The result was a verdict for the plaintiff for the $462.13, with interest from the date of Kelleher's reception of the money. The proof in the case was in accord with the allegations of the petition. It was shown that the trustee had demanded the money taken by Kelleher, and for which this suit was brought, by letter addressed to him in Pennsylvania, which was acknowledged, but the money was not forthcoming. Certain incidental facts appeared which form the basis of some of the defendants' assignment of errors.

1. No notice was given to Kelleher of the proceedings taken for his removal as trustee. It is therefore urged that the order of removal was unlawful and void. But he had absconded, a long time had elapsed, and he could not be found. It was his duty, and he had given his bond, to "in all respects faithfully perform all of his official duties" as said trustee, one of which was to remain under the view and juris-

diction of the court, whose officer he was, and subject to its summons and orders. He fled, and hid, as the jury might well believe, for the very purpose of avoiding the service of the process of the court, and, if so, he should be deemed to have waived such service. It amounted to a consent that the necessary proceedings might go on in his absence. He left the court in such a position that it must dispense with giving notice, or the bankruptcy proceedings must prove abortive, and he himself escape with the fruits of his embezzlement. His consent, however, was not necessary. His conduct amounted to an abandonment of his office; and in such a case there is no requirement that a hearing be had or notice given. The abandonment ipso facto vacates the office, and a new trustee may be appointed. Hedley v. Board, 4 Blackf. (Ind.) 116; Osborne v. State, 128 Ind. 129, 27 N. E. 345; State v. Moores, 52 Neb. 634, 72 N. W. 1056; Attorney General v. Maybury, 141 Mich. 31, 104 N. W. 324, 113 Am. St. Rep. 512; People v. Common Council, 77 N. Y. 503, 33 Am. Rep. 659; 29 Cyc. 1404. In these circumstances we think the order of removal was not void—at least, not in a collateral proceeding.

2. It appears that the creditors were not summoned to elect a new trustee, and it is urged that the court could only appoint the trustee in case the creditors failed to elect one. But the appointment of a trustee is finally subject to the approval of the court, and in some conditions the court might itself make the appointment. The whole matter of appointing trustees is subject to the power and superintendence of the court. If the court ought to have summoned the creditors to elect a trustee, its failure to do so was a mere irregularity, and cannot be taken advantage of collaterally, certainly not by those who are not creditors or otherwise interested in the appointment.

3. The court did not make an order directing Kelleher to account as trustee, and this is said to be an indispensable prerequisite. That might, and probably would, be proper in conditions where such a proceeding is practicable. But an order upon a person who was lurking in an unknown place, and purposely keeping out of the reach of any legal notice of an order, if one should be made, would be of no avail.

4. One other question, which we think should be noticed is this: The defendants introduced certain entries in a record kept by the referee, the object of which was to show that Kelleher had filed his account as trustee, and it had been confirmed; their deduction being that this would absolve the sureties from all further liability. This record, as it is called, consisted, not of the proceedings themselves, but of calendar entries showing the dates when certain named papers were filed or certain things done. The following is the part of it on which the defendants relied:

"1900. April 9th. Bond of trustee filed, with E. Durfee and George B. Scofield as sureties, which bond was approved by referee.

Final account of trustee filed. Account confirmed by referee. Notice of hearing on final account of trustee mailed to each creditor listed in the schedule."

The referee was called, and testified, over an objection by the defendants that the record could not be contradicted by oral testimony, that these particular entries were not his own, and were not authorized

by him; that he had never seen them, or had any knowledge of them, until this trial; that he believed they were made by his stenographer; that no such account was ever filed or confirmed; that he received from Kelleher what purported to be a trustee's account; that it was a defective account, and not verified; that he sent it back to Kelleher for correction and verification, but that it was never returned to him. There was no proof as to what the contents of the account were. If it were permissible to make any inference, it would be that the item of $462.13 was not charged to the trustee in it; for there was no pretense that he ever paid over the money or expended it for the estate. But the ruling of the court on admitting the testimony of the referee was excepted to by the defendants, and is assigned as error.

We do not find it necessary to determine to what extent and in what circumstances such entries as these partake so much of the character of records that they may not be disputed, or it may be shown in a collateral proceeding that they were made without the authority of the court. There was no statement of claim or offer of proof as to what Kelleher's account contained. If it did not contain an acknowledgment of the $462.13 received by him, even the confirmation of the account would not preclude the recovery of it, if in fact he had received it, and still had it, and it was not known to the referee. That would be a fraudulent suppression which would justify a revision of the settlement, and the establishment of his liability for the suppressed item, as was effected by the present proceeding. If it did contain that item, it should have been declared, and the presumption, in the absence of the account or proof of its contents, would be that it was declared, as a balance against him. In short, it nowhere appears what the settlement, if there was one, included, or how the balance stood.

Moreover, this was a plenary action against the former trustee and his sureties. The former could not be found; but the action as against the sureties did not thereby abate. Doubtless they could make any defense, not personal to himself, which their principal might; but they could not, upon the facts of this case, make any other. And no preliminary action by the court was necessary. If the former trustee had received the assets, and had embezzled and never accounted for them, he was simply a defaulter to the estate to the extent of his defalcation; and the trustee, by virtue of his title, could bring suit for the recovery of the fund without any express order of the court. In these circumstances the error, if there was error, in the reception of the evidence of the referee, was harmless, and does not constitute ground for reversal.

Other questions of minor and not of controlling importance were discussed in the briefs of counsel, which we do not think it necessary to discuss. We are of opinion that the judgment is, upon the merits, right, and that no sufficient ground is shown for reversing it.

It is accordingly affirmed.