### BUNCH v. BOARD OF COUNTY COM'RS OF GRANT COUNTY.

No. 13186—Opinion Filed Sept. 16, 1924.

**1. Officers—Abandonment of Office by Public Officer—Question of Fact.**

A public officer may, and can voluntarily abandon and relinquish his office. Whether he intended to do so, or has done so, is a question of fact for the jury.

**2. Same—Sufficiency of Evidence.**

In order to support the verdict of the jury or judgment of the court in favor of the abandonment of the office, the testimony must reasonably and clearly support the verdict or judgment.

**3. Appeal and Error—Questions of Fact—Verdict.**

In the submission of an issue of fact to the jury, in the trial of law actions, if there is any competent testimony to support the verdict of the jury, it will not be reversed on appeal.

**4. Sufficiency of Evidence.**

Record examined; held, that the testimony is sufficiently clear to support the verdict of the jury.

(Syllabus by Stephenson, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Grant County; J. E. Curran, Special Judge.

Action by R. O. Bunch to recover two months' salary as Court Clerk of Grant County. Judgment for defendant. Plaintiff brings error. Affirmed.

W. H. C. Taylor and J. E. Falkenberg, for plaintiff in error.

George F. Short, Atty. Gen., and Kathryn Van Leuven, Asst. Atty Gen., for defendant in error.

Opinion by STEPHENSON, C. R. O.

Bunch qualified as the duty elected and acting court clerk of Grant county, commencing January, 1919. It was claimed by the county that a shortage had occurred in the accounts of the court clerk, and an audit was commenced of his accounts the 1st of October, 1920. A shortage of a total of $4,600 was found in the accounts, and suit followed on his official bond A compromise and settlement of this action was had between the county and the surety company. It appears that the court clerk left his office and did not perform any official duties during the months of October and November, and during the time a check was being made of the accounts. The duties of the office were performed by a deputy court clerk. The plaintiff filed his formal resignation with the board of county commissioners in the first days of December, 1920. Thereafter the plaintiff filed his claim for two months salary with the county commissioners, who refused to allow the claim, and the plaintiff appealed from the action of the board to the district court. The plaintiff had purchased a restaurant business in the state of Nebraska, and was there conducting or looking after the same when he was arrested and returned to the state to answer for the shortage in his accounts. The plaintiff left Oklahoma and went to Nebraska about the first of October. The county first filed its answer setting up a counter-claim and further alleging that the plaintiff did not perform any official duties during the two months for which the salary was claimed, and that the county was not liable. The court found that the evidence was insufficient to send the question of counterclaim to the jury. At the close of the testimony, the defendant asked leave to amend its answer, alleging that the defendant had abandoned his office for the two months in question, and for that reason he was not entitled to recovery. The court allowed the amendment and the issue of abandonment and the right of recovery were submitted to the jury. The jury returned its verdict for the defendant. The plaintiff has appealed the cause to this court and assigns as error for reversal: (1) The submission of the cause to a jury; (2) the verdict is contrary to the evidence and the law; (3) error in permitting the amendment to the answer alleging abandonment of his office. The plaintiff did not object to the submission of the questions of fact to the jury at the time and will not now be heard to assign such action as error. In the first place, the defendant alleged the failure of the plaintiff to perform any services during the two months, and the plaintiff's failure to remain in his office. The allegations contained in the original and

amended answer are so similar, in substance, that the plaintiff could not be prejudiced by the amendment charging his abandonment of the office. A duly elected officer can voluntarily abandon a public office to which he has been appointed or elected, and if he does so, he will not be entitled to recover compensation after the abandonment. The court should require that the evidence clearly support a finding or judgment on the question of abandonment. A judgment finding that a public officer has abandoned his office should not be permitted to stand upon uncertain testimony. In this case, the plaintiff had incurred a liability of some $4,500 to the county through the mismanagement of his accounts. When this was discovered, and an audit of his official acts was commenced, he left his office and remained out of the state for two months. It appears that during this time he went to the state of Nebraska, and so far as the evidence shows, was there during the entire two months, and engaged in his own personal business affairs. We think the evidence is sufficient to support the judgment denying the recovery of the salary on the question of abandonment. Osborne v. State, 128 Ind. 129, 27 N. E. 345; State v. Manies, 52 Neb. 634 72 N. W. 1056. We think under the evidence in this case, the office may be considered vacant, without a judicial determination. Osborne v. State, supra.

We recommend that the cause be affirmed.

By the Court: It is so ordered.