## The People of the State of Illinois, Defendant in Error, v. Fred Bott, Plaintiff in Error.

### Gen. No. 8,274.

Opinion filed March 18, 1931.

H. A. BROOKS and EDWARD A. JONES, for plaintiff in error.

MARK C. KELLER, State's Attorney, for defendant in error.

MR. JUSTICE BOGGS delivered the opinion of the court.

An information in three counts, charging plaintiff in error with the possession and sale of intoxicating

liquor in violation of the Illinois Prohibition Law, Cahill's St. ch. 43, ¶ 1 *et seq.,* was filed by the State's Attorney in the county court of Lee county. To said information, plaintiff in error entered a plea of not guilty. Prior to the trial, plaintiff in error filed a written motion to impound certain liquors, on the ground that the search warrant under which said liquors were seized was not properly verified. The court denied said motion. A trial was had, resulting in a verdict of guilty, on which judgment was rendered. Plaintiff in error was fined $200 on the first and third counts respectively and was sentenced to the county jail for 60 days on the second count. To reverse said judgment this writ of error is prosecuted.

A. E. Simonson administered the oath to the witness signing the affidavit on which said search warrant was based. The record discloses that Simonson was elected to the office of police magistrate in the City of Dixon, in the spring of 1927. He was thereafter elected to the office of town clerk of the town of Dixon, duly qualified, and entered upon the discharge of his duties, and was such town clerk at the time the search warrant in question was issued. It is contended by plaintiff in error that while Simonson had been regularly elected and qualified as police magistrate, his election, qualification and acceptance of the office of town clerk must be held an abandonment of the office of police magistrate; that Simonson was therefore without authority to administer said oath. On the other hand counsel for defendant in error insists first that Simonson continued as police magistrate and had not in fact become town clerk; second, that there is no incompatibility in the offices of police magistrate and town clerk, such as to render void his acts as such police magistrate; third, that even though Simonson was not a *de jure* police magistrate, he was a *de facto* magistrate, and, this not being a direct proceeding to question his title

to the office of police magistrate, his acts should be held valid and binding.

Article three of the constitution provides, "The powers of the government of this State are divided into three distinct departments—the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

This article includes in its prohibition each of the three departments of the State government and it applies with equal force to all. No department can arrogate to itself any control over another department in matters which by the constitution have been confided exclusively to the other department. *Fergus v. Kinney*, 333 Ill. 437–441; *People v. Rathje*, 333 Ill. 304–307; *North v. Board of Education*, 313 Ill. 422–426; *Saxby v. Sonnemann*, 318 Ill. 600–603; *McQuade v. City of Joliet*, 293 Ill. 515–518.

If an officer in one department of government attempts to exercise authority and powers properly belonging to another department, his acts and doings in attempting to exercise such powers are void. *Saxby v. Sonnemann, supra,* 605; *People v. Rathje, supra,* 308.

Simonson therefore could not hold the judicial office of police magistrate and also the executive office of town clerk at the same time. *People v. Haas*, 145 Ill. App. 283–286; *Packingham v. Harper*, 66 Ill. App. 96; *People v. Hanifan*, 96 Ill. 420–422. Where a party has been elected to two incompatible offices, if he qualifies and accepts the office to which he was last elected, he will be held to have abandoned that to which he was first elected. *People v. Haas, supra,* 286; *Packingham v. Harper, supra,* 100; *People v. Hanifan, supra.* In the latter case, the court at page 422 says:

"An officer in a municipal corporation may of course resign his office, or he may abandon it by removal or

otherwise, which will be treated in law as an implied resignation.

"Nothing can be clearer than that Roewe did and intended to abandon his office as alderman under the special charter. This is manifest, not only from the fact he ceased to attend their meetings altogether, but that he accepted the position of alderman from the same ward under what was supposed to be an organization under the general law. . . . His position as a member of the council under the general law was incompatible with his duties as alderman of the city under the special charter.

"One of the modes by which a member of a corporation may be said to impliedly resign his office is by being elected to and accepting an office incompatible with the duties of his former office."

The contention of counsel for defendant in error that there was no incompatibility in the two offices to which Simonson was elected is not well taken. The mere fact that these offices were in different departments of government, one judicial and the other executive, is a sufficient showing of incompatibility. In *People v. Haas, supra,* the court at page 286 says:

"Incompatibility, in this connection, is present when the written law of a state specifically prohibits the occupant of either one of the offices in question from holding the other. . . . Bacon's Abridgement Vol. 7, Tit. 'Officers,' K.; *Rex v. Tizzard,* 9 B. & C. 418; 1 Dillon on Mun. Corp., pp. 308–9, secs. 225–7 and note 4; McCrary on Elec., secs. 336 *et seq.* 4th Ed.; Mechem on Pub. Off., sec. 429; *Dickson v. People,* 17 Ill. 191; *People ex rel. v. Hanifan,* 96 Ill. 420; *Packingham v. Harper,* 66 Ill. App. 96. From these authorities it also appears that in case of incompatibility the acceptance of the second office is *ipso facto* a resignation of the first office. By his own action the officer expresses his voluntary resignation."

Nor is the contention of defendant in error, that Simonson must be held to be at least a *de facto* police magistrate, well taken. In *Saxby v. Sonnemann, supra,* the court in discussing a question of this character at page 609 says:

"The provision of the constitution is, that one who is a member of one department of the State government cannot exercise the powers of another department. There are no circumstances under which a member of the legislature could become a *de facto* officer of the executive department."

We therefore hold that Simonson was neither a *de jure* nor a *de facto* magistrate at the time he purported to administer the oath in question. His purported act in this connection was void, and the court committed reversible error in refusing to so hold.

It is next insisted that the information was not properly verified. The information was filed by the State's Attorney, but was sworn to by a private citizen; the contention being that where an information is filed by a State's Attorney, it must be verified by him. In support thereof, counsel cites *People v. Clark,* 280 Ill. 160.

The question in the *Clark* case was as to whether the statute making it unnecessary for an information to be verified where filed by a State's Attorney, was valid. The court held said provision unconstitutional. It did not, however, hold that an information must be verified by the State's Attorney. That question was not before it. In *People v. Fensky,* 290 Ill. 612, the court at page 614 says:

"In the *Clark* case, the information was not sworn to by anyone, and it was held the provision of the statute that when the information is presented by the Attorney General or State's Attorney it need not be sworn to, was in violation of section 6 of the bill of rights."

That question is not presented in this case, as the information here is verified. Under the holding of the

Supreme Court, the verification is sufficient. *Gallagher v. People,* 120 Ill. 179–182.

It is next contended that the verdict is not supported by the evidence. Inasmuch as this cause will have to be reversed, we will not discuss the weight of the evidence.

It is also insisted that the court erred in giving the People's fifth instruction, which is as follows:

"The jury are instructed that the rule requiring the jury to be satisfied of the guilt of the defendant from the evidence beyond a reasonable doubt in order to warrant a conviction is complied with if, taking the testimony altogether, the jury are satisfied beyond a reasonable doubt that the defendant is guilty. The reasonable doubt the jury is permitted to entertain to authorize an acquittal must be as to the guilt of the accused on the whole evidence and not as to any particular fact in the case not necessary to constitute the crime charged."

While the Supreme Court, so far as we are advised, has never reversed a judgment solely for the giving of said instruction, yet it has been frequently criticized. *People v. Cramer,* 298 Ill. 509; *People v. McGrane,* 336 Ill. 404. In the latter case, the court at page 407 says:

"Reviewing the same instruction in *People v. Cramer,* 298 Ill. 509, we said that it required the jury to determine what were the material facts or final essential elements of the crime with which the defendant was charged; that the question was a legal one and could not properly be submitted to the jury, and that such an instruction should not be given without in some way defining the essential elements constituting the crime for which the defendant was indicted. The same instruction was again condemned in *People v. Johnson,* 317 Ill. 430, where we said: . . . 'It is not correct to say that a reasonable doubt as to any particular fact in a case is not sufficient to justify an

acquittal, without distinguishing between facts which are material and constitute a necessary element of the crime and those which are not so material and necessary.' . . . *People v. Birger,* 329 Ill. 352; *People v. Rongetti,* 331 Ill. 581."

Lastly, it is insisted that the jury was not legally organized, and that the court erred in not sustaining the challenge to the array. This question is not raised by the assignment of errors.

For the reasons above set forth, the judgment of the trial court will be reversed and the cause will be remanded.

*Reversed and remanded.*