People of State of Illinois, Appellees, v. Walter G. Herbster et al., Appellants.

Gen. No. 46,646.

First District, Third Division.

October 13, 1955.

Released for publication November 10, 1955.

James A. Brow, of Chicago, for appellants.

John Gutknecht, State's Attorney of Cook County, for appellees; Gordon Nash, Joseph Kerwin, Charles D. Snewind, and William Sylvester White, Assistant State's Attorneys, all of Chicago, of counsel.

MR. JUSTICE KILEY delivered the opinion of the court.

This is a quo warranto proceeding (Chap. 112, Secs. 9–15, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 109.498-(1)–109.498(7)]) to try the right of defendants to offices of the Crawford Park District of Cook County. The trial court found defendants guilty of usurpation and ordered them ousted from office. Defendants have appealed.

Plaintiff moved in this court to dismiss the appeal or in the alternative to affirm the judgment. The motion was taken with the case.

The District was organized in April 1931 under order of the County Court, according to the provisions of the Park District Code (Chap. 105, Sec. 2—1, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 96.2–1]). The order de-

clared the election of defendants Herbster, Engel and Stolberg and of Joseph Proesel and Nicholas Bree to the offices of commissioner for terms of 6, 4, 2, 4 and 6 years, respectively. In 1933 Stolberg was re-elected commissioner.

The first meeting of the commissioners was held July 6, 1931 and an ordinance was passed calling for regular monthly meetings. The second meeting was August 6, 1931, the third April 10, 1933 and the fourth June 9, 1933. There were no meetings in 1934 and there were but two in 1935. During the next fourteen years there were no meetings. In this latter period Proesel and Bree, original commissioners, died and the terms of Herbster, Engel and Stolberg expired.

The first meeting after the fourteen-year interval was August 1, 1949 at which C. Sauer was appointed treasurer of the District. July 2, 1951 the defendant commissioners met and appointed Elliot Jarvis and defendant Willoughby to the vacancies created by the deaths of Proesel and Bree, "until the next Park Board Election." August 17, 1953 defendant O'Meara was appointed Park District secretary. On February 10, 1954 the commissioners met and accepted the resignation of Jarvis and declared Stolberg's office "vacant for and by reason of . . . failure to attend any meetings" after August 1953. Defendant Nelson was appointed to fill the Jarvis vacancy to complete Jarvis' term or "until a period ending with the election of a successor."

The decisive question is whether Herbster, Engel and Stolberg are entitled to their offices by virtue of their election in 1931 and under the provisions of the Park District Code (Chap. 105, Sec. 2—10, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 96.2–10]) that they shall serve their respective terms of 6 years, 4 years and 6 years, respectively, "or until their successors shall be duly elected and qualified." It is admitted no successors were elected or qualified.

Defendants contend that the legislature, by the disjunctive clause, "or until their successors shall be duly elected and qualified," intended to prevent and avoid a vacancy or hiatus in public office so that there would always be someone to perform the functions of the office. In support of this contention defendants rely upon People ex rel. Illinois Midland Ry. Co. v. Supervisor of Barnett Township, 100 Ill. 332. That case was discussed in People ex rel. McCarthy v. Barrett, 365 Ill. 73, 82, and its "basic holding" was stated to be "that one may not evade a duty to a creditor or cause the public convenience to suffer by a voluntary resignation of public office." The court in the Barrett case decided that the state policy permitted a resignation from public office when neither the rights of creditors nor public convenience prevents the resignation. In the Supervisor of Barnett Township case, creditors would have suffered had the mandamus been denied against the officer whose successor had not been "qualified."

In no case cited, by the parties, was there any holdover, voluntary or involuntary, comparable to that of the defendants Herbster, Engel and Stolberg. These holdovers were not mere gaps between "successive officeholders," as the court in the Barrett case, page 83, remarked in discussing a holdover provision of the judicial article (Art. VI, Sec. 32, Ill. Const.). There is no basis for justifying their holding over on the ground of protecting creditors or the public interest. "Their title, according to their own showing, rests upon their own neglect. If it be admitted for one election, the defendants may be trustees for life." People ex rel. Garmo v. Bartlett, 6 Wend. (N. Y.) 422, 424. During the period since the organization of the Park District defendants Herbster, Engel and their colleagues, elected or appointed, performed no substantially productive functions in the public interest. There was no property acquired, held or developed.

345

■■ True, the mere expiration of the terms of the original trustees did not operate to vacate the office. City of Pekin v. Industrial Commission, 341 Ill. 312, 319. And if they have shown a lawful right to the offices they cannot be guilty of usurpation. Soucy v. People ex rel. McCracken, 113 Ill. 109, 112. It is true also that there had been no election since the original, except as to Stolberg, and consequently no successor elected. But Herbster, Engel and Stolberg are responsible for that state of affairs and since they had the power to conduct the elections (Chap. 105, Secs. 2—12, 2—13, Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 96.2–12, 96.2–13]) a duty to do so is implied and the failure to do so a breach of that duty.

■■ The trial court decided that defendants Herbster, Engel and Stolberg were not entitled to the offices because they had forfeited their rights by abandonment. We think the decision was right. "An officer in a municipal corporation may of course resign his office, or he may abandon it by removal or otherwise, which will be treated in law as an implied resignation." People ex rel. Stephen v. Hanifan, 96 Ill. 420, 422. The court in the instant case based his decision on the facts that for fourteen years there was no park property, no taxes levied, no park purposes pursued, virtually no meetings in compliance with the ordinance of 1931 and a noncompliance with the statute requiring that public records be kept of minutes of proceedings. The finding of abandonment was justified.

The court's finding was, presumably, that defendants Herbster, Engel and Stolberg forfeited their rights in 1949 and thus nullified the proceedings of the July 1951 meeting by which Willoughby was named commissioner to fill a vacancy; the August 1953 proceedings by which defendant O'Meara was appointed secretary; and the February 1954 proceedings by which defendant Nelson was appointed commissioner to fill a vacancy. We think these appointments fell with the

finding of previous abandonment of the offices by Herbster, Engel and Stolberg.

The trial court expressly declined to pass upon the question of the effect of its decision upon the Crawford Park District itself. We need not do so.

■ Plaintiff's motion to dismiss on the ground that the appeal is moot because of the organization of a playground and recreational system under Art. 57 of the Cities and Villages Act (Chap. 24, Sec. 57—1 et seq., Ill. Rev. Stat. 1953 [Jones Ill. Stats. Ann. 21.1964 et seq.]) in the same territory is denied. So far as this appeal is concerned the Park District remains in existence until its legal dissolution by "legislative consent or pursuant to legislative provision." People ex rel. Petty v. Thomas, 361 Ill. 448, 455.

For the reasons given the judgment is affirmed.

Affirmed.

LEWE, P. J. and FEINBERG, J., concur.