THE PEOPLE *ex rel.* Henry R. Vanderburg, Petitioner, *vs.* JAMES J. BRADY, Auditor, *et al.* Respondents.

*Opinion filed October 24, 1916.*

1. CIVIL SERVICE—*what is not an encroachment upon the judicial power.* The application of the State Civil Service law to a deputy in the office of the clerk of the Supreme Court is not an encroachment upon the power properly belonging to the judicial department.

2. SAME—*constitution does not limit appointment of officers to any particular department.* The constitution does not specifically confer the power to appoint officers on any department of the State government, nor does it provide that the officers or employees of any department can be appointed only by such department.

3. SAME—*Civil Service act may be constitutionally applied to deputy performing constitutional duty of principal.* The legislature cannot deprive an officer mentioned in the constitution of any of his powers, but it may make reasonable regulations in regard to the means by which and the time, place and manner in which the duties of such officer shall be performed, and hence may make the appointment of his deputies subject to the Civil Service law.

FARMER and COOKE, JJ., dissenting.

ORIGINAL petition for *mandamus.*

GEORGE B. GILLESPIE, (GILLESPIE & FITZGERALD, of counsel,) for petitioner.

P. J. LUCEY, Attorney General, and GEORGE P. RAMSEY, for respondents.

Mr. JUSTICE DUNN delivered the opinion of the court:

Upon leave granted at the June term, 1916, Henry R. Vanderburg filed a petition for a writ of *mandamus* against the Auditor of Public Accounts and the State Treasurer, commanding the Auditor to draw and the Treasurer to pay warrants at the rate of $125 per month from December 1, 1915, to June 1, 1916, for the salary of the petitioner as docket clerk and book-keeper in the office of the clerk of

the Supreme Court during that time. The cause has been submitted upon a demurrer to the petition, and the question to be determined is whether the position held by the petitioner is one within the classified service of the State and subject to the provisions of the Civil Service act.

On behalf of the petitioner it is contended that the Civil Service act cannot constitutionally apply to officers in the judicial department of the State government. Article 3 of the constitution provides: "The powers of the government of this State are divided into three distinct departments— the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted." The Civil Service act provides for the classification of all the offices and places of employment in the State service, with certain specific exceptions, which do not include the position of the petitioner. It provides for the examination of applicants for the offices or places so classified, and for the making of a register by the civil service commission of persons eligible to appointment to the various positions in the classified service in the order of their relative excellence as determined by the examination. Whenever a position in the classified service is to be filled, the act requires the appointment of the person standing highest on this register, except in the case of laborers. The civil service commission, by the making of the list and its certification to the appointing officer, thus names the person appointed to each place in the classified service of the State. The constitution provides for the election of a clerk of the Supreme Court. A clerk of a court is an officer of the court who has charge of the clerical part of its business and keeps its records and seal, issues process, enters judgments and orders, makes certified copies from the record, etc. Such an officer manifestly belongs to the judicial department of the State. He has no duties in connection

with the legislative or executive department. It is therefore insisted that to make the appointment or removal of the deputy of such an officer dependent on the action of an officer in the executive department is an encroachment upon the power properly belonging to the judicial department.

The three departments of our government, under the constitution, stand upon an equal footing. Neither may exercise any power of or control over another except as expressly permitted by the constitution. To the judiciary are committed the power and duty of interpreting the laws and the constitution. The creation of officers, the delegation and regulation of their powers and duties and the prescribing of the manner of their appointment or election are functions of the legislature, which are restrained only by the constitution. (*People* v. *McCullough,* 254 Ill. 9.) The constitution does not specifically confer the power to appoint officers on any department, and does not provide that the officers or employees of any department of the government can only be appointed by that department. The legislature has frequently conferred on the courts the power of making appointments of officers not belonging to the judicial department, as in *People* v. *Morgan,* 90 Ill. 558, where a judge of the circuit court of Cook county was authorized to appoint the South Park Commissioners, with power to assess, levy and collect taxes, which are certainly not judicial powers; and *People* v. *Hoffman,* 116 Ill. 587, where it was held that the power to appoint election commissioners, who are not judicial officers, under the City Election law might be constitutionally vested in the county courts. In many cases the power of the county courts to appoint drainage commissioners has been sustained. (*Moore* v. *People* 106 Ill. 376; *Blake* v. *People,* 109 id. 504; *Huston* v. *Clark,* 112 id. 344.) In *Witter* v. *Cook County Comrs.* 256 Ill. 616, it was held that the appointment and removal of a probation officer of the juvenile court of Cook county were the exercise of judicial power, on the ground that the

judicial power includes the authority to select persons whose services may be required as assistants to the judge in the performance of judicial duties and the exercise of judicial power. Such officers were likened to attorneys, masters in chancery, receivers, referees and to similar officers, as merely assistants of the courts in the performance of judicial functions, but it was not held that the power extended to all officers and employees engaged in the service of the judicial department. It was said that a sheriff and a clerk are essential to a court and to the exercise of judicial power; but the one performs executive and the other clerical duties, merely. The judicial power is exercised by the judge, with such assistants as he may lawfully have to aid him in adjudicating upon and protecting the rights and interests of individuals. The clerk is not such an assistant, and therefore not one whom the independent exercise of judicial power and the separation of the judicial department from the other departments of the government require to be appointed by the court.

The question of the power of the legislature to impose upon the judiciary the duty of making appointments to offices not of a judicial character has been considered by the courts of last resort of several States and the conclusions reached have not been harmonious. In Iowa, Maryland, Minnesota, Nebraska and Massachusetts it has been held that the power of appointing such officers cannot be conferred on the judiciary because such appointment does not require the exercise of judicial functions. (*Beasley* v. *Ridout,* 94 Md. 641; *White* v. *Barker,* 116 Iowa, 96; *Young* v. *Brill,* 100 Minn. 499; *State* v. *Neble,* 117 N. W. Rep. (Neb.) 723; *In re Election Supervisors,* 114 Mass. 247.) In the latter case it was held that an act directing the justices of the Supreme Court to appoint supervisors of elections was unconstitutional, and in *State* v. *Washburn,* 167 Mo. 680, it was held that an act providing for the appointment of election commissioners by an agency other than the

executive power violated the constitutional division of powers by depriving the executive department of a part of its constitutional powers. These decisions are contrary to the view which has been uniformly taken by this court. On the other hand, the Supreme Courts of Alabama, California, Georgia and New Jersey have held, in accordance with our decisions, that the power of appointment to office is not inherently an executive function, and where the legislature is authorized, as it is by section 10 of our constitution, to provide for the appointment of all officers whose appointment is not otherwise provided for, the power of appointment may be conferred on the judiciary. *Fox* v. *McDonald,* 101 Ala. 51; *Staude* v. *Election Comrs.* 61 Cal. 313; *Russell* v. *Cooley,* 69 Ga. 215; *Ross* v. *Chosen Freeholders,* 69 N. J. L. 291.

If it is not essential to the separation of the powers of government that the judicial department should not make appointments in the executive department, then it is not essential to such separation that the executive department should not make appointments in the judicial department if authorized to do so by the legislature. Article 3 of the constitution includes in its prohibition each of the three departments of the government, and its interpretation as to one department applies with equal force to each of the others. *People* v. *Dunne,* 258 Ill. 441.

It is next argued that the Civil Service act cannot constitutionally apply to deputies performing the constitutional duties of their principals. If article 3 of the constitution is not violated by the appointment it is not apparent what provision is violated. The legislature having the constitutional power of prescribing the manner in which the appointment shall be made, does not, by doing so, interfere with the clerk in the performance of his constitutional duty. The legislature has always exercised the right to regulate the forms of procedure and the practice of the courts, and this right has been recognized by the judiciary. The legis-

lature fixes the terms of court, the time for the return of process, the manner of service, the order of trial, provides for the making of separate dockets, the preparation of a short-cause calendar, the time of filing declarations, the amendment of pleadings, continuances because of counsel being a. member of the General Assembly, requires written instructions to juries, provides for the method of preserving objections taken to decisions of the court during the trial, and in many other ways has controlled the form, manner and time in which the courts shall exercise their judicial authority. Its authority is not less in the case of the clerk than in the case of the court or the judges. The mention of an officer in the constitution does not place him above the law and give him the same control of his office as of his private business. He is a public officer and the business of his office must be conducted according to law. The legislature may not deprive him of the powers conferred upon him by the constitution, but it has power to make reasonable regulations in regard to the means by which, and the time, place and manner in which, the duties of such constitutional officer shall be performed. The duties of the clerk may be performed by a deputy, and it is not an unreasonable regulation to prescribe reasonable qualifications for persons who may be employed as deputies and removal from office for a lack of efficiency in the performance of its duties. The purpose of a competitive examination is a legitimate one to secure competent service. It cannot be reasonably said that the clerk is deprived of any of the authority of his office because the work done under his direction is performed through an agency selected by some other authority.

The Civil Service law is not subject to the constitutional objections made against it, and the writ of *mandamus* must therefore be denied.        *Writ denied.*

FARMER and COOKE, JJ., dissenting.