(No. 13233.—Judgment affirmed.)
Thomas McQuade, Appellant, *vs.* The City of Joliet *et al.* Appellees.

*Opinion filed June 16, 1920.*

Constitutional law—*amendment of 1913 to section 12 of act of 1903, providing for fire and police commissioners, is void.* The amendment in 1913 to section 12 of the act of 1903, providing for the appointment of a board of fire and police commissioners in certain cities, (Laws of 1913, p. 145,) is unconstitutional, as the trial board which said amendment attempts to create for hearing charges is composed of members of the judicial department, who are precluded by article 3 of the constitution from exercising executive powers; but section 12 remains in force as before it was amended.

Carter, J., specially concurring.

Appeal from the Circuit Court of Will county; the Hon. Dorrance Dibell, Judge, presiding.

WILLIAM R. McCABE, for appellant.

EDWARD R. NADELHOFFER, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

Thomas McQuade filed a petition in the circuit court of Will county praying for a writ of *mandamus* against the city of Joliet and its board of fire and police commissioners commanding them to restore him to office as a member of the fire department. A demurrer to the petition was sustained, the petitioner elected to stand by his petition, a final judgment was entered in favor of the defendants, and the petitioner appealed.

The petition avers that the appellant was appointed a member of the fire department of the city of Joliet in June, 1913, and served until July, 1919; that the city of Joliet had adopted the provisions of the act "to provide for the appointment of a board of fire and police commissioners in all cities of this State having a population of not less than seven thousand nor more than one hundred thousand, and prescribing the powers and duties of such board," approved April 2, 1903; (Laws of 1903, p. 97;) that on July 31, 1919, the appellant was notified to appear before the board of fire and police commissioners to answer certain charges of violation of the rules of the fire department; that he appeared, there was a hearing, and on August 1, 1919, he was notified that he had been dismissed from the service of the fire department, and since that time he has been denied the right of returning to work. The petition sets out section 12 of the act of April 2, 1903, as amended on June 26, 1913, (Laws of 1913, p. 145,) the part which is material being as follows: "No officer or member of the fire or police department of any such city who shall have been such for more than one year prior to the passage of this act, or who shall have been appointed

under the rules and examination provided for by this act, shall be removed or discharged except for good and sufficient cause which renders his retention harmful to the efficiency of the fire and police department, upon written charges and after an opportunity to be heard in his own defense. Such charges shall be prepared by the said board of fire and police commissioners who shall present the same, together with the evidence in support thereof, to a trial board consisting of : (1) The person holding the office of county judge in and for the county in which said city is situated; (2) the person holding the office of circuit court judge in the judicial circuit containing the said city; (3) a third person who shall be the person holding the office of probate judge in the county in which said city is located, or in event there is no probate judge in said county, then the county clerk of said county. The findings and decision of said trial board shall be final and certified by said trial board to the board of fire and police commissioners, and if the said charges are sustained the said fire and police commissioners shall forthwith remove said officer." It is alleged that the board of fire and police commissioners did not comply with section 12; that no charges and no evidence were ever presented to the trial board, consisting of the judges of the county, circuit and probate courts of Will county; that there is no legal cause for the petitioner's removal, and that all orders made by the board are without jurisdiction and void.

The hearing provided by section 12 as originally passed was before the board of fire and police commissioners, and section 18 provides for an appeal from the order of the board to the circuit court. In 1907 this section was held unconstitutional, (*City of Aurora* v. *Schoeberlein,* 230 Ill. 496,) and section 12 was afterward amended by substituting the trial board, composed as stated in the amendment, instead of the board of fire and police commissioners, for the trial of charges. The ground for holding section 18

unconstitutional was that the board of fire and police commissioners was a branch of the executive department of the city government, the acts and powers of which were ministerial or executive; that the removal of an officer, though involving judgment and discretion, was not the exercise of judicial power; that the review of the orders of the board of fire and police commissioners would result in the exercise of executive power by the circuit court and would be in violation of article 3 of the constitution, which divides the powers of government into three departments and forbids to each department the exercise of any power properly belonging to another. The question here is whether the constitution of an original trial board, composed of the county, circuit and probate judges, is also a violation of this article of the constitution. That the power exercised by the trial board is executive was determined in *City of Aurora* v. *Schoeberlein, supra.* While the trial board which section 12 attempts to provide is not a court, the persons of whom it is constituted are of the judicial department and are prevented by article 3 of the constitution from the exercise of executive powers. The amendatory act of 1913 is void. Section 12 remains in force unaffected by it.

The demurrer was properly sustained, and the judgment of the circuit court of Will county is affirmed.

*Judgment affirmed.*

Mr. JUSTICE CARTER, specially concurring:

I agree with the conclusion reached in this case but not with all the reasoning as to judicial powers and duties. See *People* v. *Morgan,* 90 Ill. 558; *Sherman* v. *People,* 210 id. 552; *State* v. *Illinois Central Railroad Co.* 246 id. 188, on p. 230.