(No. 14502.—Reversed and remanded.)
THE PEOPLE ex rel. W. J. Ehler et al. Appellants, vs.
THOMAS J. EXTON et al. Appellees.

*Opinion filed April 19, 1922.*

1. SCHOOLS—*when court should sustain demurrer to plea on remandment of cause—amendment.* Where the Supreme Court holds that a demurrer to a plea to an information in *quo warranto* should be sustained, not because the organization of the school district is invalid but because the plea fails to show that the board of education was properly elected, on general remandment of the cause the lower court must sustain the demurrer, but the parties may, if they desire, amend their pleadings and have a new trial.

2. SAME—*act of May 4, 1921, applies only where the organization of a district is invalid.* The validating act of May 4, 1921, applies only where the organization of a community consolidated school district has not been accomplished because of some irregularity, defect or omission in the proceedings, and it does not affect a district held to have been legally organized although the board of education was not legally elected.

APPEAL from the Circuit Court of Champaign county; the Hon. FRANKLIN H. BOGGS, Judge, presiding.

DOBBINS & DOBBINS, for appellants.

HERRICK & HERRICK, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

This cause was before this court at a former term (*People v. Exton,* 298 Ill. 119,) on an appeal from a judgment entered in bar of an information in the nature of *quo warranto.* We reversed the judgment for the reason that the circuit court erred in overruling a demurrer filed by appellants to the plea of appellees. The judgment of this court was entered April 21, 1921. By reference to *People v. Williams,* 298 Ill. 86, we decided that the election of appellees

as president and members of the board of education of Thomasboro Community Consolidated School District was void. The case being re-instated in the circuit court of Champaign county, there was nothing for that court to do but enter an order sustaining the demurrer of appellants to the plea of appellees. (*People* v. *Clark,* 300 Ill. 583.) The cause was remanded generally, and when the cause was re-docketed the parties were entitled to a new trial and to amend their pleadings as they were advised. (*Wolkau* v. *Wolkau,* 299 Ill. 176.) When the cause was re-instated in the circuit court of Champaign county appellees did not ask or obtain leave to amend their plea or to file additional pleas. They made a motion for "judgment on the plea," their theory apparently being that the validating act of May 4, 1921, had cured the defect in the election which rendered their election void. This act is entitled "An act to legalize the organization of certain community consolidated school districts," (Laws of 1921, p. 796,) and it is clear that it has no application to the district in question, for the reason that the validity of the organization of said district is no longer in question. In *People* v. *Exton, supra,* all objections urged against the validity of the organization of this district were overruled and we held the district to be legally organized. The purpose of the act of May 4, 1921, was to legalize the organization of certain community consolidated school districts. The only districts brought within its terms were those in which attempts had been made to organize as consolidated districts but where the organization had not been accomplished because of some irregularity, defect or omission in the proceedings. It did not apply to and could not have affected districts already legally organized. (*People* v. *Rich,* 301 Ill. 80.) When the cause was re-instated appellants requested the circuit court to enter an order sustaining the demurrer to the plea, and this motion was denied. This was error. The plea does not show that appellees were elected at an election

held in accordance with the Australian Ballot law, and for that reason it fails to meet the charge in the information.

The judgment is reversed and the cause is remanded to the circuit court of Champaign county for further proceedings consistent with the views herein expressed.

*Reversed and remanded.*