(No. 15118.—Reversed and remanded.)

THE PEOPLE *ex rel.* Guy L. Garrison *et al.* Appellees, *vs.*
T. H. KEYS *et al.* Appellants.

*Opinion filed December 19, 1923.*

1. SCHOOLS—*validating act of 1921 does not apply if district is legally organized.* The community high school validating act of 1921 (Laws of 1921, p. 799,) has no application to a district legally organized under a valid statute.

2. SAME—*whether district is compact and contiguous is a question of fact.* The community high school validating act of 1921 applies only to a district the territory of which is compact and contiguous; and this question is one of fact, which must be decided before the applicability of the validating act can be determined.

3. SAME—*what does not invalidate community high school district.* If the territory of a community high school district constitutes a community for high school purposes, the organization of the district is not invalid because portions of the territory are parts of other communities for trading or other purposes.

4. QUO WARRANTO—*when plea must show that territory is compact and contiguous.* A plea of justification to an information in the nature of *quo warranto* attacking the legality of the organization of a community high school district must set out facts showing a compliance with the requirements of the law for organizing the district and must show that the territory is compact and contiguous.

DUNN and THOMPSON, JJ., dissenting.

APPEAL from the Circuit Court of McLean county; the Hon. EDWARD BARRY, Judge, presiding.

R. F. DUNN, and LIVINGSTON & WHITMORE, for appellants.

LESTER H. MARTIN, State's Attorney, JOSEPH W. FIFER, BOHRER & RILEY, and MORRISSEY, SULLIVAN & RUST, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

This is an appeal from a judgment of the circuit court of McLean county ousting the appellants from the office of members of the board of education of Community High School District No. 348 in said county, assessing a fine of one dollar on each of the appellants, and for costs. Appellees demurred to appellants' rejoinders to the appellees' fourth, fifth and seventh replications. The court reserved decision on the demurrers until after a hearing of certain evidence and later struck out the evidence and sustained the demurrers. Upon appellants' refusal to plead over, the court entered judgment of ouster on the pleadings.

The information charges in general terms that the respondents unlawfully hold and execute, without lawful right, the office of board of education for pretended Community High School District No. 348, and that said district is illegal and without authority of law. To the information the respondents filed a plea of justification, setting out in narrative form the successive steps taken in the formation of the district. The plea also sets out the election of

the board of education, and avers that the territory described in the petition, and which composes the district in question, is contiguous and compact, and that the validating act passed subsequent to the organization of the district validated it as a community high school district. To this plea eight replications were filed. The first replication re-asserts the usurpation of the powers and offices of members of the board of education of the pretended high school district in question, as charged in the information, and concludes to the country. The respondents added a *similiter* to this replication.

The respondents demurred to the second and third replications and the demurrers were sustained and are therefore not before this court for consideration.

The fourth replication in substance says *precludi non*, because the relators say that the territory described and included in the petition set out in said plea is not limited to a community of people with common interests and associations and with a community center; that the territory is not bounded by lines beyond which people go in opposite directions toward another community center. Following this general averment the replication particularly sets forth a number of cities and villages in the territory which it is averred constitute separate communities each with its community center, and that the village of Normal, in which the school of the district in question is being operated, is not a logical center of any community composed of the territory in question, and in support of this averment the replication sets forth particularly the nature and character of the roads and of the traffic thereon. This replication concludes with a verification. The rejoinder to this replication avers that the territory of the district constitutes a community with common interests and associations as such relate to a school district, within the contemplation and purview of the statute; that the people living in that part of the territory in question served by the cities and villages al-

leged to be the community centers in the replication, are members, for high school purposes, of the community comprised in the district in question and none other, and avers that the main line of the travel over the roads throughout the territory in question affords ample means for people to pass to and from their places of residence to the school conducted in the village of Normal. This rejoinder concludes to the country.

The fifth replication describes the territory of the district, averring that it has a maximum dimension east and west of eight and one-half miles and from north to south of six miles; that some of the lands included in said district are by the shortest traveled route more than seven and one-half miles from the school building in which the school is operated; that the school building is operated about one mile from the south boundary line of the district in question, at a point from three to three and three-fourths miles from the east boundary line, about four and three-fourths miles from the west boundary line and four and one-half miles from the north boundary line of the district; that the shape and character of the land included within the district, the provisions of the statute under which it is formed, and the ratio which the population of the village of Normal bears to the surrounding country community, make it reasonably certain that the school house, because of the voting strength of the village of Normal, will be located within its corporate limits; that assuming that the school house will continue to be located in the village of Normal, then the remote territory in the northeast corner of the district, based on the shortest traveled route, will lie six and one-half miles from the school building, which corner is about one and one-half miles by traveled route from Towanda, the center of the community surrounding it; that the lands lying in the northeast portion of the district are by the shortest traveled route five miles from the school building at Normal but only about two miles distant from Hudson,

the center of the community surrounding it; that it is between six and seven and three-fourths miles from lands included in Dry Grove township to the school house at Normal, while such lands are within five miles from the center of Dry Grove township, at which place there is located the town hall, being the center of said township. Following these dimensions and descriptions of community centers, the replication sets forth the nature and character of the roads to and from Normal and to and from the respective centers and concludes with a verification. The rejoinder to this fifth replication avers that the site for the high school building has not been permanently located by the district; that the building in which the school is being operated on behalf of the district is temporary, and rented for school purposes until such time as the school district sees fit to establish a suitable school building on a school site at a point to be determined by vote of the inhabitants of said district; that the permanent location of the high school building will be wherever the inhabitants decide by a vote of the electors of the district and not necessarily located within the corporate limits of Normal; that neither the village of Towanda, nor the village of Hudson, nor the town hall in Dry Grove township, constitutes a community center for high school purposes in contemplation and purview of the statute under which the district in question is organized, and does not in any way conflict with or overlap upon the district for school purposes; that the district is sufficiently compact and accessible so all persons residing therein of sufficient age to be admitted to the community high school can reach and return from the school with reasonable convenience at all seasons of the year. This rejoinder concludes to the country.

The seventh replication is in substance the same as the fifth, averring that the purpose of including all of the territory in this replication mentioned is to compel the property owners and inhabitants to support a school or attend

school in another and different community from the community to which they properly belong, and that the county superintendent of schools was not authorized by statute to call or hold the election set out in the plea. This replication concludes with a verification. The rejoinder to the seventh replication denies the various averments thereof that the territory of the district is a part of several communities, avers it was legally organized, and concludes to the country.

The court sustained the demurrers to the rejoinders to the fourth, fifth and seventh replications and overruled the demurrers as to all others. The respondents abided their rejoinders to the fourth, fifth and seventh replications and refused to plead over. Thereupon the court entered judgment on the pleadings, holding the district not legally organized, ousted the respondents, and assessed a fine of one dollar each against them, with costs of suit. The only issue here is as to the correctness of the court's ruling on the pleadings.

A great deal of argument in this case is devoted by both the appellants and appellees to the application of the validating act of 1921. (Laws of 1921, p. 799.) The only premise upon which appellees base their argument as to the invalidity of the district is that it is not compact and contiguous, as required by law. This is an issue of fact. (*People* v. *Young,* 301 Ill. 67, and 309 id. 27.) The validating act does not apply unless the territory involved is compact and contiguous, (*People* v. *Militzer,* 301 Ill. 284; *People* v. *Young, supra;*) therefore the application of the validating act cannot be determined in advance of a determination of that question of fact. The validating act has no application to a district legally organized under a valid statute. (*People* v. *Exton,* 303 Ill. 47; *People* v. *Opie,* 304 id. 521.) The question of the applicability of the curative act of 1921 is therefore not by this record presented to this court for consideration.

The plea in question is not a special plea concluding with an *absque hoc* clause but is a general plea of justification concluding with a verification. The fourth and fifth replications to this plea, while setting forth a number of alleged and independent communities, each of which is alleged to have a separate and independent community center, nevertheless tender but one issuable fact, and that is, whether the territory in question is contiguous and compact, as required by the statute. If the averments which are set up by way of confession and avoidance concerning these separate communities are material at all they are so only as evidentiary facts, as the ultimate fact at issue is whether or not the district is contiguous and compact. The rejoinders to the fourth and fifth replications sufficiently join issue on the ultimate fact of compactness and contiguity.

The fact that the rejoinder to the seventh replication sets out consecutively the denial of the matters of inducement in that replication, which contains an *absque hoc* clause, is not, in our opinion, any reason for holding the rejoinder bad. It is not contended that any of the replications in question, other than the seventh, contain an *absque hoc* clause. Where, as here, the rejoinders also reaffirm the ultimate issuable fact, the demurrers should not have been sustained thereto.

An information in general terms calling upon the respondents to show cause why they hold the office alleged to be held by them, or to bring into question the legality of the district or corporate franchise, is all that is required. The respondents must then disclaim or justify. If they justify they must set forth a full compliance with all the requirements of the law creating the corporation and the election in and by which they claim to hold the office. In this case it was incumbent upon respondents, in pleading justification, to show by their plea, among other things, that the territory in question is contiguous and compact. This question was fully before the court upon the first replica-

tion and the *similiter* thereto. The fact that portions of the territory are parts of other communities for trading or other purposes is not an avoidance if the district constitutes a community for school purposes. *People* v. *Drennan,* 307 Ill. 482.

The pleadings in this case are unnecessarily prolix. The issues in *quo warranto* are simple and can be pleaded without complication. Since the judgment must be reversed and the cause remanded on the pleadings, questions of fact on the assignments do not arise.

The judgment of the circuit court is reversed and the cause remanded, with directions to overrule appellees' demurrers to the fourth, fifth and seventh rejoinders.

*Reversed and remanded, with directions.*

DUNN and THOMPSON, JJ., dissenting.

––––––––––––––

(No. 14975.—Judgment affirmed.)
THE PEOPLE *ex rel.* Oliver Goelzer *et al.* Appellees, *vs.*
BYRON J. CRAWFORD *et al.* Appellants.

*Opinion filed December 19, 1923.*