(No. 16120.—Judgment reversed.)

THE PEOPLE *ex rel.* Guy Garrison *et al.* Appellees, *vs.*
T. H. KEYS *et al.* Appellants.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*when community high school district is sufficiently
compact.* A community high school district which embraces forty-
four sections and is almost rectangular in shape, being eight and
one-half miles long by six miles wide, is sufficiently compact and
contiguous to satisfy the law where the school building is located
in a town of five thousand inhabitants, to which access is reason-
ably convenient by fairly good roads, unobstructed by impassable
tracts or water-courses, although the school is seven miles distant
from the two farthest corners of the district.

2. SAME—*what does not render a high school district invalid.*
While a school district must be so created as to permit children
to attend school in a reasonable length of time and with a reason-
able degree of comfort, it is impossible to create a district which
affords the same conveniences to all the children in attending the
school, and the fact that some of the children, on account of road
conditions, will encounter some difficulties, and possibly interrup-
tions, in attending the school will not necessarily render a com-
munity high school district invalid.

3. SAME—*when high school district comprises one community.*
A community high school district comprises but one community for
school purposes where the school is located in the largest town in
the district, which has always been regarded as a community cen-
ter for school purposes, although said town is adjacent to a much
larger city outside the district and there is no intervening territory
between the two communities and many inhabitants of the former
use the latter city for business, religious and social purposes.

APPEAL from the Circuit Court of McLean county; the
Hon. EDWARD BARRY, Judge, presiding.

R. F. DUNN, and W. W. WHITMORE, for appellants.

LESTER H. MARTIN, State's Attorney, JOSEPH W. FIFER,
BOHRER & RILEY, and MORRISSEY, SULLIVAN & RUST, for
appellees.

Mr. JUSTICE HEARD delivered the opinion of the court:

The circuit court of McLean county granted leave to the People, on relation of Guy Garrison and others, to file an information in *quo warranto* against the board of education of Normal Community High School District No. 348, in McLean county. The petition alleged that the district was not compact and contiguous and embraced territory belonging to other community centers. After much pleading a judgment was entered in the circuit court upon the pleadings, ousting appellants from the office of members of the board of education of such district and assessing a fine of one dollar and costs on each of the appellants, from which judgment an appeal was taken to this court, and the judgment of ouster was reversed for erroneous rulings of the court upon the pleadings. (*People* v. *Keys,* 310 Ill. 198.) The case having been re-docketed in the circuit court and the pleadings settled in accordance with the mandate of this court, it was heard before the court, a jury having been waived, and the court again found the issues for relators, against the validity of the district, and entered judgment of ouster, with fine and costs, against appellants, from which judgment this appeal is prosecuted.

The district as organized embraces forty-four sections, almost rectangular in shape, and is eight and one-half miles long by six miles wide. The district has operated a four-year accredited high school continuously since the fall of 1920 in a rented school building located in the town of Normal, which has a population of 5143. This school building is distant seven miles from the northeast and northwest corners of the district, four and one-half miles from the north line, five miles from the southeast corner and three and one-half miles from the southwest corner. The entire district outside of the city of Normal is composed of level or slightly rolling agricultural lands. There are no steep hills, lakes, timber tracts, impassable morasses or unbridged

or overflowing water-courses within the district. At the time of the trial two completed paved roads traversed the district and a third was under construction, which according to schedule was to be completed in July, 1924. No part of the district as organized is more than two and three-quarters miles distant from a paved road. In addition to these paved roads there are about eighty-seven miles of dirt road, about eighteen miles of which are oiled, laid out largely on the section and half-section lines. Six rural mail carriers delivering mail throughout this district were called as witnesses upon the trial, one of whom had not missed a day's delivery in 1923, one of whom had missed twelve days in twenty years, and the others missed not to exceed five days in any one year on account of bad roads. The dirt roads are the average Illinois dirt roads, which get muddy when it rains and are very soft in the spring when the snow melts and the frost comes out of the ground, but the evidence does not show that at any season of the year are they impassable for travel on horseback or with horse and buggy.

In *People* v. *Standley,* (*ante,* p. 46,) this court said: "Every reasonable presumption will be indulged in favor of the validity of a school district established by authority of the legislative department of the government, and the courts will not hold the district invalid unless it clearly appears from the evidence that children of school age residing in the district cannot reasonably avail themselves of the privileges of the school."

While it is not a lawful exercise of the constitutional power to create a district which on account of its size or road conditions will not permit the children to attend school by traveling from their homes to the school in a reasonable length of time and with a reasonable degree of comfort, (*People* v. *Young,* 301 Ill. 67,) it is impossible to create a district of any size which would afford the same conveniences to all the children to attend the school, and it cannot

be said that because a student may occasionally miss school on account of road conditions a school district does not, therefore, comply with the law. (*People* v. *Rote,* 312 Ill. 99.)    As said in *People* v. *Farren,* 311 Ill. 87, no doubt a small number of the children in the district here under consideration will encounter some difficulties, and possibly interruptions, in attending the school, but neither the size of the district, the remoteness of any of the children from the school house nor their facilities for traveling to it are of such a character as would justify holding that it is not compact and contiguous or that it violates the constitutional limitation on the power to create school districts.

It is contended that portions of the district in question are embraced within other community centers.    The district in question was constructed wholly out of non-high-school communities.    At only two points does the district touch other school districts in which high schools are conducted.    At the northeast corner for one-eighth of a mile the district adjoins the Towanda common school district, which maintains a four-year high school as a part of its district school course although not organized into a high school district under any statute.    The evidence does not show that Towanda is the community center, for school purposes, of any of the territory embraced within the district.    On the south the district for about two and one-half miles is adjacent to the city of Bloomington, a city of about 28,000 inhabitants, and the evidence shows that the cities of Bloomington and Normal are so connected that there is no visible line of demarcation between the two cities.    The evidence also shows that while some of the inhabitants of the town of Normal go to Bloomington for business, religious and social purposes, Normal is their community center for school purposes, as they for years have been in Normal school district No. 144, within the limits of which the present community high school is conducted. The evidence in this case does not show that in establishing

the district in question, territory naturally belonging to other high school centers has been invaded to that degree which renders the school district invalid.

The judgment entered by the circuit court finding this district invalid and ousting appellants from their offices is not warranted by the evidence, and it is therefore reversed.

*Judgment reversed.*