(Nos. 16112-16113.—Judgments reversed.)

JOHN T. NORTH *et al.* Appellees, *vs.* THE BOARD OF EDUCATION OF COMMUNITY HIGH SCHOOL DISTRICT No. 203, Appellant.—FINIS G. CRAIN *et al.* Appellees, *vs.* Same Appellant.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*fixing or altering boundaries of school districts is legislative function.* The laying out of school districts and the altering of boundaries of established districts is a legislative function.

2. CONSTITUTIONAL LAW—*courts cannot be vested with authority to change boundaries of municipal corporations.* Courts may determine what are the corporate limits of a municipal corporation already established and may inquire whether the corporation has been created in accordance with the authority granted by the legislature, but the courts cannot be vested with legislative power to alter or change the boundaries of a municipal corporation.

3. SAME—*section 89g of School law, providing for detachment of territory of high school district by courts, is invalid.* Section 89g of the Community High School District act of 1923, providing for the detachment of territory of a high school district by the courts and authorizing attachment of such territory to another district, is unconstitutional, as the courts do not have and cannot be delegated the power to so change the boundaries of municipal corporations.

4. SAME—*when law is invalid in conferring arbitrary power.* A law, to be valid, must be complete when it leaves the legislature, and any law which vests any person with a discretion which is purely arbitrary and which gives such person power to determine what the law shall be in a particular case is invalid.

5. SAME—*when a statute must be declared unconstitutional.* All presumptions are in favor of the validity of a statute and in all doubtful cases the doubt is resolved in favor of the law, but where it is clear that a limitation or restriction imposed by the people in

the constitution has been disregarded or violated by the General Assembly it is the duty of the court to so declare, and that duty can neither be evaded nor neglected, no matter how desirable or beneficial the attempted legislation may be.

APPEAL from the Circuit Court of Williamson county; the Hon. D. T. HARTWELL, Judge, presiding.

J. L. GALLIMORE, and HOSEA V. FERRELL, for appellant.

H. E. SKINNER, and E. M. SPILLER, for appellees.

Mr. JUSTICE THOMPSON delivered the opinion of the court:

These appeals present for decision the constitutionality of the Community High School District act approved June 27, 1923. Section 89*a* provides that a community high school district may be established in any territory (1) which is compact and contiguous; (2) which comprises or includes a community center; (3) the limits of which do not extend more than one-half the distance between the community center of the proposed district and another community center; (4) where there will be a probable attendance of seventy-five pupils; and (5) which does not include territory at the time maintaining a high school. Section 89*b* gives to the circuit court in term time, or the judge of such court in vacation, upon the presentation of a proper petition, power to call or refuse to call, at his discretion, an election to determine whether such a district shall be established. Section 89*g* provides: "Whenever a majority of the legal voters residing within any contiguous portion of the territory embraced in any community high school district desire to be detached therefrom and added to a non-high-school district, or to another high school district they may present a petition therefor to the judge of the circuit court in vacation, or to the circuit court in term time of the county in which said district or the major

part thereof lies.  *  *  *  If the board of education appears to contest the same, it shall file a written answer thereto and the judge or court shall hear the evidence both for and against the granting of said petition.  *  *  *  If in his or its opinion, the said territory, or any part thereof, sought to be detached is not properly a part of said community high school district under the provisions set forth in sections 89*a* and 89*b* for the organization of community high school districts, or if said territory, or any part thereof, is not an essential portion of said community high school district for the performance of its corporate functions, the said judge or court shall enter an order detaching said territory, or any part thereof, from said community high school district and adding the same to a non-high-school district or to another high school district as prayed in the petition; otherwise, said judge or court shall enter an order denying the petition." (Laws of 1923, pp. 592-595.) Pursuant to the provisions of section 89*g*, two petitions were filed in the circuit court of Williamson county to detach two separate blocks of territory from Community High School District No. 203. After a hearing on both petitions the court entered an order detaching the territory described in each petition and annexing said territory in both instances to the adjacent non-high-school district. An appeal was prosecuted in each instance, and the appeals have been consolidated in this court.

It is difficult to conceive of an act more clearly unconstitutional than said section 89*g*. This court has held in a long line of decisions that the laying out of school districts and the altering of the boundaries of established school districts is a legislative function. (*People* v. *Graham,* 301 Ill. 446; *People* v. *Opie,* 301 id. 11; *Jackson* v. *Blair,* 298 id. 605; *Kenyon* v. *Moore,* 287 id. 233.) These decisions are supported in principle by the holding in *Funkhouser* v. *Randolph,* 287 Ill. 94, and *City of Galesburg* v. *Hawkinson,* 75 id. 152. The same power cannot be either

legislative or judicial, as the legislature may determine to retain it or surrender it to the judiciary. If, as all the authorities hold, the boundaries of municipal corporations can be altered and changed by the legislature in its discretion, then it is impossible that the courts can be invested with the same power. (*City of Galesburg* v. *Hawkinson, supra.*) Courts may determine what are the corporate limits already established, and they may inquire whether a municipal corporation has been created in accordance with the authority granted by the legislature. The power of the courts to perform these functions implies an existing law applicable to the particular subject, and the inquiry is, What is the law and has it been violated or obeyed? The inquiry in the instant case, however, is, What territory shall be included within the corporate limits of a municipal corporation? We are unable to perceive how anyone can contend that this is a judicial function, to be performed by a court. The court is not only given power to detach from one municipal corporation some of its territory, and thereby change its boundaries, but it is given power to attach this same territory to another existing municipal corporation, thereby changing its boundaries. The wishes of the municipal corporations are not consulted. They have territory torn from them or thrust upon them as a judge or a court may decree. One of the circuit judges might consider that a district four miles square was too large to form a constituent part of a thorough and efficient system of free schools; another of the judges might consider a district eight miles square sufficiently compact to conform to the constitutional limitation; while the third judge might entertain still a third view. Judges of the different circuits would no doubt entertain divergent views on the subject. We find, therefore, that under the piece of legislation before us no one will know what the law is until a particular judge acts. Instead of being a uniform law applicable alike to all similar areas of territory throughout the State,

it is subject to the varying opinions of the judges in the several circuits of the State, and of the different judges, or their successors, in the same circuit. It is the province of the legislature to declare the method by which school districts shall be organized and to fix the limitations which it considers necessary for the establishment of a thorough and efficient system of free schools, and it is the province of the courts to decide whether a particular school district has been organized in accordance with the authority granted by the legislature. Article 3 of our constitution declares that the powers of government shall be performed by the department to which they belong, and that none of the three departments of government shall exercise powers properly belonging to either of the other two. A law, to be valid, must be complete when it leaves the legislature, (*Arms v. Ayer,* 192 Ill. 601,) and any law which vests any person with a discretion which is purely arbitrary and which gives such person power to determine what the law shall be in a particular case is invalid. (*Noel v. People,* 187 Ill. 587; *Sheldon v. Hoyne,* 261 id. 222; *Board of Administration v. Miles,* 278 id. 174.) All presumptions are in favor of the validity of a statute, and in all doubtful cases the doubt is resolved in favor of the law, but where it is clear that a limitation or restriction imposed by the people in the fundamental law has been disregarded or violated by the General Assembly it is the plain duty of the court to so declare, and that duty can neither be evaded nor neglected, no matter how desirable or beneficial the attempted legislation may be. *Grand Trunk Western Railway Co. v. Industrial Com.* 291 Ill. 167.

The statute under which the court acted being void and the court being without power to alter the boundaries of this school district, the judgments entered detaching the territory described in the two petitions before us are reversed.

*Judgments reversed.*