THE PEOPLE ex rel. William Senf, Appellant, vs. WILLIAM F. DUNTEMAN et al. Appellees.

*Opinion filed April 23, 1926.*

1. QUO WARRANTO—*when evidence may be considered on motion to dismiss information.* Where the court has allowed an information to be filed attacking the organization of a school district without entering a rule to show cause, the relator cannot complain of the hearing of oral and documentary evidence on a motion to dismiss the information, where the facts are not in dispute and where the questions of law involved can be considered the same as if a rule to show cause had been entered and there is no showing of prejudice.

2. SCHOOLS—*act of 1923 for organization of community high school districts is invalid and does not repeal act of 1919.* The act of 1923 for the organization of community high school districts is invalid in its entirety as it attempts to delegate legislative authority, and as it cannot have the effect of repealing the act of 1919

a community high school district organized in substantial compliance with the 1919 statute must be held valid, any irregularities in such organization being cured by the curative act of 1925. (*North v. Board of Education,* 313 Ill. 422, followed.)

3. SAME—*a community high school district may adjoin incorporated village.* The fact that a community high school district·is bounded on one side by the limits of an incorporated village does not necessarily affect the validity of the district.

APPEAL from the Circuit Court of DuPage county; the Hon. WILLIAM J. FULTON, Judge, presiding.

C. W. REED, State's Attorney, (FISCHER & FISCHER, of counsel,) for appellant.

MICHAEL KROSS, for appellees.

Mr. JUSTICE FARMER delivered the opinion of the court:

This appeal is prosecuted from a judgment of the circuit court of DuPage county dismissing an information in *quo warranto* filed by the People on the relation of William Senf, charging that certain persons named are assuming to act as members of the board of education of Community. High School District No. 100, in DuPage county, without right or warrant. The information prays that process issue against the persons named and the board of education, and that they answer by what warrant they claim to hold and exercise the duties of members of the board of education of said community high school district. On the same day the information was filed, a petition, verified by appellant, was filed asking leave to file the information. No notice was given defendants of filing the petition, but the court granted leave to file the information the same day the petition was filed, and summons issued returnable the first Monday in October. Defendants demurred to the information, but later, by leave of the court, withdrew the demurrer and

moved the court to set aside the order granting leave to file the information and to dismiss the same. The motion was heard upon affidavits and oral testimony of witnesses, and at the conclusion of the hearing the court dismissed the information. This appeal is prosecuted from that order.

The substance of appellant's contention is, that the community high school district purports to have been organized in March, 1925, in compliance with the law as it existed on that subject in 1919, and that no pretense was made in the organization of the district to comply with the act of 1923 on the subject, which act repealed the act of 1919. Appellees reply that the Community High School act of 1923 was held unconstitutional in *North* v. *Board of Education,* 313 Ill. 422, and that the organization of the district was legal and valid. Appellees further reply that the information makes the board of education of the community high school district defendant, and thereby admits the existence of the corporation; and further, that the act of 1923 was declared unconstitutional, and the organization in compliance with section 89a of the act of 1919 is validated by the curative act of 1925. The court found and recited in its judgment that the act of 1919 had not been repealed; that no petition was required, in the formation of the district, to be filed in the circuit court, and no hearing was required upon the petition by the circuit court under the act of 1919, and that Community High School District No. 100 was duly organized in compliance with section 89a as adopted in 1919, and further was validated by the act of 1925.

By an amendment in 1919 to the Public School act provision was made for the establishment of community high schools. As amended, section 89a provided that upon a petition signed by fifty or more legal voters residing in any contiguous and compact territory described in the petition, the county superintendent of schools should order an election for the purpose of voting for and against the establish-

ment of a community high school and post notices ten days before the election. The statute prescribes the form of notice and the official ballot to be used, and requires the county superintendent of schools shall establish one or more polling places within the territory and appoint two judges and a clerk for each polling place. If a majority of the votes cast at the election are in favor of establishing the district, the county superintendent shall forthwith order an election to be held within thirty days to elect a board of education of five members. Other details, which we deem unnecessary to mention, are provided for the organization of the district. Section 89a as amended in 1923 provided that a community high school district might be established in any compact and contiguous territory which either comprises a community center or includes within its limits a community center the limits of which do not extend more than half the distance between the community center of the proposed district and another community center, in which there will be a probable attendance of seventy-five or more students who have graduated from an elementary school but have not graduated from a high school, and which territory does not include territory maintaining a high school. Section 89b provides that the petition for the organization of a community high school district must be filed in the circuit court of the county where the territory, or greater part of it, is located; that a day be set for a hearing on the petition and notice given, and if the proposed district conforms to the requirements of section 89a and will provide an effective agency for a thorough and efficient school system, and if the community center is reasonably accessible to the pupils residing in all portions of the territory, the judge shall direct the county superintendent to order an election. Sections 89c to 89f, inclusive, describe the procedure to pursue in the process of organization. Section 89g and section 92 prescribe the procedure for disconnecting portions of a district or discontinuing the district entirely.

Appellant's contention that the action of the court in hearing oral and documentary evidence on the motion to ·dismiss the information, and dismissing the same, was erroneous, does not go to the merits of the controversy, and in view of our conclusion that there is no merit in the information, we are disposed to hold that while the procedure was not in strict accord with the usual practice in such cases, the facts are not in dispute, the questions of law involved might receive the same consideration as if a rule had been entered to show cause, and appellant was not prejudiced or injured. *People* v. *France,* 314 Ill. 51.

Appellant argues that the act of 1923 is composed of three distinct parts; that only section 89*g* was held unconstitutional in *North* v. *Board of Education, supra,* and he invokes the well known rule that part of a statute may be unconstitutional and part of it valid unless the different parts are so related and dependent upon each other that it will not be presumed the legislature would have passed one without the other. (*Noel* v. *People,* 187 Ill. 587; *People* v. *State Reformatory,* 148 id. 413.) This case does not present a situation for the application of the rule.

*North* v. *Board of Education, supra,* was decided in October, 1924. While the section of the 1923 act referred to in this case was not involved in that decision and the entire act was not expressly held invalid, yet such must be the necessary effect of that decision. The court said the appeal presented the question of the constitutionality "of the Community High School District act approved June 27, 1923," and pointed out the requirements of sections 89*a* and 89*b* and the provisions of section 89*g*, which related to the procedure for detaching territory embraced in a community high school district and adding it to another high school district or to a new high school district. Petitions were filed pursuant to the provisions of section 89*g*, to detach territory from a community high school district. The court granted the petitions and appeals were prosecuted from the order.

The court held section 89g was unconstitutional, gave its reasons at length, and among other things said the laying out of school districts and altering the boundaries of established districts is a legislative function. "It is the province of the legislature to declare the method by which school districts shall be organized and to fix the limitations which it considers necessary for the establishment of a thorough and efficient system of free schools, and it is the province of the courts to decide whether a particular school district has been organized in accordance with the authority granted by the legislature.  *  *  *  A law, to be valid, must be complete when it leaves the legislature, (*Arms* v. *Ayer,* 192 Ill. 601,) and any law which vests any person with a discretion which is purely arbitrary and which gives such person power to determine what the law shall be in a particular case is invalid." The court held "the statute"—not section 89g— was void, and it seems plain from the reasoning of the opinion that the invalidity was not solely due to section 89g. It was after that decision district 100 was organized in compliance with the act of 1919, which had not been repealed, because the act of 1923 was void.

It is not contended that the procedure followed in the organization of the district did not comply with the act of 1919. The territory in the district is compact and contiguous, the school house is in the center of it, and the most distant point in the district from the school house site is four miles. The roads are improved, are in good condition and passable for travel at all seasons. Bensenville, with a population of about 1500, is the only incorporated municipality in the district. That the south limits of the district are the north limits of the village of Elmhurst, having a population of 8000, does not affect the validity of the district. (*People* v. *Keys,* 313 Ill. 234.) If, as we hold, the act of 1923 was void and there had been some defect in the proceeding under the act of 1919, we think the trial

court correctly held the defect was cured by the validating act of 1925. (Laws of 1925, p. 560.)

We have chosen to base our decision on the merits, and will not discuss the question raised by appellees that the school district having been made a defendant to the information by corporate name, appellant cannot question its existence. The chief contention of appellant that the provision of the act of 1923 should have been followed we have held cannot be sustained, as the entire act of 1923 upon the subject was held void.

No reason exists why the judgment should be reversed, and it is affirmed.

*Judgment affirmed.*