(No. 19321.—

THE PEOPLE *ex rel.* The Bensenville Community High School District No. 100 *et al.* Appellees, *vs.* S. L. RATHJE *et al.* Appellants.

*Opinion filed December 20, 1928—Rehearing denied Feb. 8, 1929.*

305

Farmer, J., dissenting.

Claude W. Schutter, and David Larson, for appellants.

C. W. Reed, State's Attorney, and Locke, Baker & Snyder, (Richard F. Locke, and Harold V. Snyder, of counsel,) for appellees.

Mr. Justice Heard delivered the opinion of the court:

The State's attorney of DuPage county filed an information in the nature of *quo warranto* on the relation of the Bensenville Community High School District No. 100, in DuPage county, and others, against S. L. Rathje, Clarence V. Wagemann and Nick W. Lies, appellants here and defendants below, alleging the due organization of the Bensenville high school district; that in October, 1927, two petitions for the detachment of certain territory from that high school district were filed with an *ex-officio* board com-

posed of the three defendants; that the defendants had posted notices of a public hearing on the petitions, had held such a hearing and continued the same from time to time, had heard evidence and were about to render decisions on the petitions; that defendants, as members of the *ex-officio* board, had so acted without warrant or authority. Defendants filed a plea of justification, alleging that Rathje was county judge of DuPage county, that Wagemann was county clerk of DuPage county, and Lies was chairman of the board of supervisors of DuPage county; that by virtue of an act of the legislature approved July 7, 1927, defendants had held and executed during the time in the information mentioned, the franchise or offices of officers and members of the *ex-officio* board of DuPage county for changing the boundaries of township and community high school districts. The plea concluded with a verification. The State's attorney demurred generally to the plea, upon the ground, as stated in the demurrer, that the act of the General Assembly set out in the defendants' plea is unconstitutional and void. The circuit court sustained the demurrer and entered judgment against the defendants, from which judgment they have appealed to this court.

On July 7, 1927, there was approved by the Governor an act of the legislature entitled, "An act to add sections 91*a* and 91*b* to 'An act to establish and maintain a system of free schools.'" Section 91*a,* so far as it pertains to this case, is as follows:

"Sec. 91*a.* An *ex-officio* board composed of the chairman of the county board of supervisors or board of county commissioners, the county judge and county clerk, may in its discretion change the boundaries of any township or community high school districts so as

"*First*—To detach territory from one high school district and add the same to another high school district when petitioned by two-thirds of the legal voters residing within the territory described in the petition asking that said ter-

ritory be detached from one high school district and added to an adjacent high school district, or when petitioned by a majority of the legal voters of each high school district. * * *

"*Third*—To detach territory from a high school district and add the same to a non-high school district when petitioned by two-thirds of the legal voters residing within such territory. * * *

"*Fifth*— * * * If the districts involved in the change of boundaries lie in two or more counties, the change may be made by the concurrent action of the *ex-officio* boards of said counties, in districts comprising territory in more than one county, an appeal may be taken from the action of said *ex-officio* board of said counties to the circuit court of the county wherein lies the largest amount of territory in said district; said appeal shall be taken within ten days after the decision of said boards is rendered.

"The *ex-officio* board vested with power to change the boundaries of any township or community high school district shall, after the filing of any petition as provided above, give thirty days' public notice, by posting in at least five public places in each district whose boundaries are to be affected, of a public hearing upon such petition, and at such hearing the *ex-officio* board shall hear objections if any against such proposed change. * * *

"However no attachment or annexation involving such high school districts shall be made unless the petitioners prove the change to be necessary for the reasonable convenience and comfort of children in attending high school in such district. * * *

"The necessary traveling expenses of the *ex-officio* board shall be paid by the county."

It is contended by appellees that the act in question is in contravention of article 3 and of section 2 of article 2 of the constitution of 1870. Article 3 is as follows: "The powers of the government of this State are divided into

three distinct departments—the legislative, executive and judicial; and no person, or collection of persons, being one of these departments, shall exercise any power properly belonging to either of the others, except as hereinafter expressly directed or permitted."

While under the constitutions of 1848 and 1818 the county judge performed duties other than judicial, under the constitution of 1870 his duties are now merely judicial. The county clerk, who is *ex-officio* the clerk of the county court, is an officer of the court who has charge of the clerical part of its business and keeps its records and seal, and such an officer manifestly belongs to the judicial department of the State. (*People* v. *Brady,* 275 Ill. 261.) The laying out of a school district and the altering of the boundaries of established school districts is a legislative function. (*North* v. *Board of Education,* 313 Ill. 422; *People* v. *Graham,* 301 id. 446; *People* v. *Opie,* 301 id. 11; *Jackson* v. *Blair,* 298 id. 605; *Kenyon* v. *Moore,* 287 id. 233.) It is the province of the legislature to declare the method by which school districts shall be organized and to fix the limitations which it considers necessary for the establishment of a thorough and efficient system of free schools, and it is the province of the courts to decide whether a particular school district has been organized in accordance with the authority granted by the legislature. (*North* v. *Board of Education, supra.*) In *Saxby* v. *Sonnemann,* 318 Ill. 600, it was held that a member of the legislative department of the government has no authority to exercise any power belonging to the executive department of government, and in the opinion in that case, among other things, it is said: "In *McQuade* v. *City of Joliet,* 293 Ill. 515, the question arose whether the persons holding the offices of county judge, circuit judge and judge of the probate court could constitute a trial board to hear complaints filed with the police and fire commissioners against members of those departments. It was held that the powers and duties de-

volving upon such trial board were executive or ministerial rather than judicial, and that members of the judicial department could not, under article 3 of the constitution, exercise any powers properly belonging to the executive department of the government; that while the trial board provided for in the act was not a court, persons of whom it was to be constituted were of the judicial department, and were prevented by article 3 of the constitution from exercising executive powers, and that the act was therefore void. In *People* v. *Brady,* 275 Ill. 261, the same principle was announced. While it was held in *People* v. *Morgan,* 90 Ill. 558, and *People* v. *Hoffman,* 116 id. 587, that the power of a member of one department of government to make appointments in another department of government does not violate article 3 of the constitution, it was so held on the ground that such appointment does not constitute an exercise of powers of the department to which the appointments are made. In *Bottom* v. *City of Edwardsville,* 308 Ill. 68, it was held that a master in chancery is a ministerial and not a judicial officer, and therefore duties and powers of a judicial officer cannot be conferred on him. It was held in *People* v. *Dunne,* 258 Ill. 441, following *People* v. *Bissell,* 19 id. 229, that under article 3 of the constitution the judicial department is without jurisdiction to award a writ of *mandamus* to compel the Governor to perform a duty, either ministerial or discretionary, imposed upon him by his office."

*North* v. *Board of Education, supra,* held unconstitutional, as violating article 3, section 89g of the Community High School act of 1923, which provided: "Whenever a majority of the legal voters residing within any contiguous portion of the territory embraced in any community high school district desire to be detached therefrom and added to a non-high school district, or to another high school district they may present a petition therefor to the judge of the circuit court in vacation, or to the circuit court in term time of the county in which said district or the major part

thereof lies. * * * If the board of education appears to contest the same, it shall file a written answer thereto and the judge or court shall hear the evidence both for and against the granting of said petition. * * * If in his or its opinion, the said territory, or any part thereof, sought to be detached is not properly a part of said community high school district, * * * the said judge or court shall enter an order detaching said territory * * * from said community high school district and adding the same to a non-high school district."

This case differs from *Milstead* v. *Boone,* 301 Ill. 213, where the court had under consideration section 90 of the School law enacted in 1917, (Laws of 1917, p. 739,) and the act of June 24, 1921, validating the changes made by *ex-officio* boards under the provisions of section 90 of the act of 1917, which latter act had been held unconstitutional in *Jackson* v. *Blair,* 298 Ill. 605. The portion of section 90 referring to the *ex-officio* board is set out in full in *Milstead* v. *Boone, supra.* That section differs from the one here in question, as in the former act, while the board, as stated in *Milstead* v. *Boone, supra,* had discretion to allow or deny the petition before it, it could do nothing else. While the board could decide the sufficiency of the petition, the act conferred upon it no discretion as to what should constitute a sufficient petition. That was defined by the law. In short, no discretion was given to that board to determine what the law should be. In the act here in question the board is given the additional power to call a public hearing to hear objections against the proposed change and to hear evidence and can only act to make the proposed change as the result of proof, as by the terms of the act such change cannot be made "unless the petitioners prove the change to be necessary for the reasonable convenience and comfort of children in attending high school in such district." The decision of the *ex-officio* board is therefore, of necessity, based

on matters *dehors* the petition and its definition as contained in the act.

Section 2 of article 2 of the constitution of 1870 provides that "no person shall be deprived of life, liberty or property, without due process of law." Due process of law does not necessarily mean judicial proceedings but extends as well to administrative proceedings, and requires that a law must be binding upon and affect alike each member of the community of the same class or under similar circumstances. (*Italia Shipping Corp.* v. *Nelson,* 323 Ill. 427; *Sheldon* v. *Hoyne,* 261 id. 222.) The purpose of this constitutional requirement is to protect every person in his personal and property rights against the arbitrary action of any person or authority. Unlimited power, to be exercised in accordance with the whim or caprice of public officials, is inconsistent with our system of government. (*Sheldon* v. *Hoyne, supra.*) By section 91*a* of the act in question the *ex-officio* board is given power, in its discretion, to detach territory from one township or community high school district and add the same to another when petitioned by two-thirds of the legal voters residing within the territory described in the petition asking that the territory be detached from one district and added to an adjacent one, or when petitioned by a majority of the legal voters of each high school district. While it is provided in the fifth paragraph of this section that no "attachment" or annexation involving such high school district shall be made unless the petitioner prove the change to be necessary for the reasonable convenience and comfort of children in attending high school in such district, there is no mandatory legislation requiring that such action be taken where the petitioners prove the change to be necessary for the reasonable convenience and comfort of children in attending high school in such district. The power to make the change under this section of the act is left to the arbitrary discretion of the *ex-officio* board. While an appeal is allowed from

the action of the *ex-officio* board in a district comprising
territory in more than one county no appeal is allowed
where the district lies entirely in one county. Any law that
compels a man to hold "any material right essential to the
enjoyment of life at the mere will of another seems to be
intolerable in any country where freedom prevails, as being
the essence of slavery itself." (*Yick Wo* v. *Hopkins,* 118
U. S. 356.) Such arbitrary power is, under the settled
rules of law in this and other jurisdictions, a delegation by
the legislature of its legislative functions to the officials in
question and is therefore invalid. *Noel* v. *People,* 187 Ill.
587; *Cicero Lumber Co.* v. *Town of Cicero,* 176 id. 9; *City
of Chicago* v. *Trotter,* 136 id. 430; *Commonwealth* v. *Ma-
letsky,* 203 Mass. 241; *Little Chute* v. *VanCamp,* 136 Wis.
526; *State* v. *Tenant,* 110 N. C. 609; *Sheldon* v. *Hoyne,
supra.*

The section of the statute under which the *ex-officio*
board was proceeding to act being void and such board
being without power to alter the boundaries of the school
district in question, the judgment of the circuit court is
affirmed.

*Judgment affirmed.*

Mr. JUSTICE FARMER, dissenting:

I am unable to agree with the opinion of the court hold-
ing the act of 1927 unconstitutional. As I read the act
and our decisions it is not subject to any constitutional ob-
jections. It is different from any act heretofore passed on
by this court, and I am of the opinion that *Milstead* v.
*Boone,* cited in the opinion, and many other decisions, hold
the act free from constitutional objection. It is my firm
conviction that it should have been sustained. It does not
delegate legislative or judicial power to the board within the
meaning of the constitution and does not delegate arbi-
trary power.