(No. 19800.—

THE STANDARD MOTORS SECURITIES CORPORATION, Appellee, *vs.* THE YATES COMPANY, Appellant.

*Opinion filed December 20, 1929.*

A. E. & R. C. DeMange, for appellant.

Stone & Taylor, (Branson Wright, of counsel,) for appellee.

Mr. Justice Heard delivered the opinion of the court:

Appellee, the Standard Motors Securities Corporation, brought suit in replevin in the circuit court of McLean county against appellant, the Yates Company, a partnership composed of William W. Yates, Robert C. Yates and Richard W. Yates, for the recovery of an automobile. Appellant filed pleas to appellee's declaration, claiming a lien on the automobile by virtue of paragraphs 40 and 45 of the Liens act. Appellee filed replications to the pleas, denying the existence of such lien but not questioning the validity of said paragraph 45. Appellant demurred to the replications. The demurrer was overruled, and appellant electing to stand by the demurrer, judgment was rendered in favor of appellee against appellant, from which judgment an appeal has been taken to this court.

Appellant has assigned as error that the circuit court, in overruling appellant's demurrer and in rendering its judgment, erroneously held invalid paragraph 45 of the Liens act. An inspection of the record discloses the fact that neither party in its pleadings has questioned the validity of paragraph 45, but, on the contrary, the pleadings of both parties are framed on the assumption of its validity. The only question in the case as made by the pleadings with reference to this paragraph is as to whether or not the state of facts set up in the pleadings entitled appellant to a lien on the property in question, as against appellee, by virtue of this paragraph. The construction and

application of the paragraph are involved and not its validity. To warrant an appeal direct from the circuit court to this court it is not sufficient that the construction of a statute or its application is involved, but the validity of the statute or the construction of some provision of the constitution must be involved. *People* v. *Meyer*, 328 Ill. 122; *Miller* v. *Illinois Central Railroad Co.* 327 id. 103; *People* v. *Pettow*, 320 id. 572; *People* v. *Cermak*, 317 id. 590.

Appellant also assigns as error that the circuit court, in overruling appellant's demurrer to appellee's replication, erroneously denied appellant the protection of paragraph 45 of the Lien act, and thereby denied appellant the right to the equal protection of the laws provided by the constitutions of the United States and the State of Illinois,—in other words, that the court erroneously decided the case,— and that therefore appellant was denied a right to equal protection of the laws. The constitution does not guarantee to a litigant the correctness of the decisions of the courts. To constitute due process of law, orderly proceedings according to established rules which do not violate fundamental rights must be observed, but a general law administered in its legal course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process of law. (*People* v. *Rathje*, 333 Ill. 304; *Italia America Shipping Corp.* v. *Nelson*, 323 id. 427.) The record shows that the case was tried according to the established rules of law, in the same manner as any other case of similar character is tried. The assignment of error on its face shows that in this case no constitutional question was involved.

An inspection of the record discloses that this court has no jurisdiction of the appeal, and the cause is therefore transferred to the Appellate Court for the Third District.

*Cause transferred.*